**Evelyn Caton HARRIS, Appellant,**

v.

**Hollis B. HARRIS, Sr., Appellee.**

**No. 15156.**

United States Court of Appeals District of Columbia Circuit.

Submitted Oct. 14, 1959.

Decided Oct. 29, 1959.

Mr. William T. Pace, Mt. Rainier, Md., with whom Mr. William H. McCullough,

Mt. Rainier, Md., was on the brief, submitted on the brief for appellant.

No appearance for appellee.

Before WILBUR K. MILLER, BAZELON and BASTIAN, Circuit Judges.

PER CURIAM.

Although jurisdiction in domestic relations cases has been transferred to the Municipal Court, Mrs. Harris filed suit in the District Court seeking an absolute divorce, and asking the court to set aside a deed which conveyed to her and her husband, as tenants by the entirety, certain property which originally was in her name alone, and also asking for apportionment of certain other real estate which was owned by the parties. Her counsel chose the District Court because he believed that the Municipal Court lacked jurisdiction in cases involving the title to real estate. On motion of the appellee, the complaint was dismissed by the District Court on April 6, 1959, for lack of jurisdiction. This appeal followed.

Whatever may have been the state of the law prior to September 9, 1959, the Congress on that date amended § 11–762, D.C.Code (1951, Supp. VII) [1] by extending the jurisdiction of the Domestic Relations Branch of the Municipal Court of the District of Columbia to cover adjudication of property rights in actions involved in that section. As so amended § 11–762 reads in pertinent part as follows:

"The Domestic Relations Branch and each judge sitting therein shall have exclusive jurisdiction over all actions for divorce from the bond of marriage and legal separation from bed and board, including proceedings incidental to such actions for * * * *determinations and adjudications of property rights, both real and personal, in any action hereinabove referred to in this section, irrespective of any jurisdictional limitation imposed on the Municipal Court for the District of Columbia*

* * *." (Italics indicate the amendment.)

The case will be remanded to the District Court with directions to vacate its order dismissing the cause for lack of jurisdiction and to transfer the case to the Municipal Court for trial in that tribunal.

Remanded with directions.

---

1. Pub.L. No. 241, 86th Congress, 1st Session.