Ellen L. THOMASON, Appellant,

v.

William R. THOMASON, Appellee.

No. 14965.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 13, 1959.

Decided Nov. 5, 1959.

**90**

Mr. John C. Poole, Washington, D. C., for appellant.

Mr. Charles S. Sures, Washington, D. C., entered an appearance for appellee.

Before PRETTYMAN, Chief Judge, and EDGERTON and BAZELON, Circuit Judges.

PRETTYMAN, Chief Judge.

This controversy had its beginnings in a Nevada divorce proceeding. The decree of divorce there entered incorporated a separation agreement. That agreement provided that two minor children should remain in the custody of their mother and that the father was to pay $25.00 weekly for their support and maintenance. Later the father brought a complaint in the Domestic Relations Branch of the Municipal Court for the District of Columbia, seeking custody of the children. The mother (through a committee) counterclaimed, seeking a money judgment for arrears in a total sum of $825 in the payments due from the father for the support of the children. The court held that it had no jurisdiction over the counterclaim. Upon appeal to the Municipal Court of Appeals, the judgment as to that matter was affirmed.[1] Upon petition we granted an appeal to this court, because of the public importance of the question involved.

The precise, and only, question before us is whether the Domestic Relations Branch of the Municipal Court for the District of Columbia has jurisdiction over a counterclaim seeking a money judgment for arrears in payments due under a foreign decree for the support of minor children. We think the answer is plain upon the face of the pertinent statute. The Act which created the Domestic Relations Branch of the Municipal Court and specified its powers [2] provides:

"Sec. 105. * * * The Domestic Relations Branch * * * shall have exclusive jurisdiction over all * * * civil actions to enforce support of minor children; * * *.

"Sec. 106. (a) * * * The Domestic Relations Branch is hereby vested with so much of the power as is now vested in the United States District Court for the District of Columbia, whether in law or in equity, as is necessary to effectuate the purposes of this Act, * * *."

The term "civil actions" includes all actions, both those formerly known as equitable actions and those known as legal actions; or, in other phraseology, both suits in equity and

---

1. Hitchcock v. Thomason, D.C.Mun.App., 148 A.2d 458 (1959).

2. 70 Stat. 112 (1956), D.C.Code, §§ 11–762, 11–763 (Supp. VII, 1959).

actions at law.[3] A money judgment for arrears in payments due under a decree for the support of minor children is available as a means of enforcing collection.[4] It is a means of enforcing an original decree, which decree is prospective in nature. Thus the money judgment is as much a part of the effort to enforce support of minor children as is the original decree. A complaint seeking such a money judgment is a civil action to enforce the support of minor children.

 Prior to the creation of the Domestic Relations Branch, the District Court indubitably had jurisdiction, whether it be called equitable or legal in nature, to enter a money judgment for arrears in payments decreed in a foreign jurisdiction for the support of minor children.[5] The statute which we have quoted vested in the Domestic Relations Branch the power of the District Court, both in law and in equity. The limitation upon this vesting of power, as stated in the statute, is to so much of that power as is necessary to effectuate the purposes of the Act. One of the clear purposes of the statute, evident upon its face and from its history, is to provide for the support of minor children who are involved in divorce proceedings. What applies to an original complaint for such a money judgment applies *a fortiori* to a counterclaim such as the one here in question, for the additional reason that a multiplicity of lawsuits is thus avoided.

The judgment is reversed and the case remanded to the Municipal Court for further proceedings in accordance with this opinion.

Reversed and remanded.

---

**3.** See, e. g., Klepinger v. Rhodes, 78 U.S. App.D.C. 340, 140 F.2d 697 (D.C.Cir.), certiorari denied 322 U.S 734, 64 S.Ct. 1047, 88 L.Ed. 1568 (1944) (interpreting term "civil actions" in statute governing jurisdiction of the Municipal Court for the District of Columbia).

**4.** A "money judgment" for arrears "is perhaps convenient, and certainly not improper". Kephart v. Kephart, 89 U.S. App.D.C. 373, 377, 193 F.2d 677, 681 (D.C.Cir.1951), certiorari denied 342

U.S. 944, 72 S.Ct. 557, 96 L.Ed. 702 (1952).

**5.** Worsley v. Worsley, 64 App.D.C. 202, 76 F.2d 815 (D.C.Cir.), certiorari denied 294 U.S. 725, 55 S.Ct. 640, 79 L.Ed. 1256 (1935), and Grant v. Grant, 64 App.D.C. 146, 75 F.2d 665 (D.C.Cir.1935), decided prior to the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A., suggest nothing to the contrary, but decide only that the respective plaintiffs brought the wrong type of suit.