Violet S. **DAVID**, Appellant

v.

Lester S. **BLUMENTHAL**, Appellee.

No. 15772.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 16, 1961.

Decided June 1, 1961.

Mr. Alexander Boskoff, Washington, D. C., for appellant.

Mr. Philip Goldstein, Washington, D. C., with whom Mr. George R. Jacobi, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

This case is concerned with the nature and extent of the equitable jurisdiction of the Domestic Relations Branch of the Municipal Court in a suit involving the support of minor children.

Appellant sued her former husband in the Domestic Relations Branch to secure increased monthly payments for the support of three minor children of the marriage and to compel the appellee-husband to perform, or to act to assure performance of, certain covenants made by him with respect to stated benefits for the children: summer camp, college educations, insurance protection and testamentary provisions.[1] The covenants are con-

---

[1] Count B of the complaint prays for an order directing appellee to fulfill the provisions of his written promise that he will continue in force until his death at least $50,000 of the insurance upon his life for the benefit irrevocably of appellant and the three children and that he will exhibit proof that he has done so. Count C seeks an order compelling appellee to reinstate a policy in the amount of $25,000 upon her (appellant's) life which, it is alleged, appellee promised to continue in force for the children's benefit, and for which he has substituted a less desirable policy. Count D alleges that appellee has promised to execute a will leaving at least one-third of his property to the children equally and irrev-

ocably and asks the court to direct appellee to exhibit a copy of his will, "if in fact it has ever been executed." Count E seeks an order directing appellee to pay the necessary sums for summer camp for the children by a specified date each year or to move before then for a modifying order, in compliance with appellee's promise to pay the necessary expenses of sending the children to summer camp if he is financially able to do so. Count F prays for an order directing appellee to create presently a trust fund, under such terms and conditions as the court may consider necessary and appropriate, for the purpose of providing funds for college educations for the children in fulfillment of appel-

tained in a written separation agreement entered into prior to the divorce but not incorporated in the divorce decree. The divorce was granted in Alabama, at the suit of the wife.

The Domestic Relations Branch dismissed the entire complaint on the ground that it lacked jurisdiction. On appeal, the Municipal Court of Appeals ordered the complaint reinstated as to the claim for increased monthly payments for support but affirmed, one judge dissenting, the dismissal as to the rest of the complaint for the reason that the general equity powers of the District Court had not been transferred by Congress to the Branch and that these powers would be needed to modify or enforce the covenants in the separation agreement. Blumenthal v. Blumenthal, D.C. Mun.App.1959, 155 A.2d 525. We allowed an appeal and remanded the case to the Municipal Court of Appeals for reconsideration in light of our decision in Thomason v. Thomason, 1959, 107 U.S. App.D.C. 27, 274 F.2d 89. See Blumenthal v. Blumenthal, 1960, 107 U.S.App. D.C. 93, 274 F.2d 751. Upon remand the Municipal Court of Appeals adhered to its original decision, one judge dissenting. Blumenthal v. Blumenthal, D.C. Mun.App.1960, 161 A.2d 137.

We have allowed a second appeal. The question presented and argued to us is whether the Municipal Court of Appeals erred in holding that the Domestic Relations Branch of the Municipal Court had no jurisdiction over the subject matter of the allegations relating to the husband's covenants with respect to summer camp, college education, insurance protection and testamentary provisions for the children, for the sole reason that it lacks the general equity power needed to give the relief asked.[2]

Insofar as here pertinent, the District of Columbia Code provides that—

"§ 11–762. Jurisdiction.

"The Domestic Relations Branch [of the Municipal Court] and each judge sitting therein shall have exclusive jurisdiction over * * * civil actions to enforce support of minor children * * *.;[3] determinations and adjudications of property rights, both real and personal, in any action hereinabove referred to in this section, irrespective of any jurisdictional limitation imposed on the Municipal Court for the District of Columbia * * *.

"§ 11–763. Power of Court to effectuate purposes for which created.

"(a) The Domestic Relations Branch is hereby vested with so much of the power as is now vested in the United States District Court for the District of Columbia, whether in law or in equity, as is necessary to effectuate the purposes of this chapter, including but not limited to, the power to issue restraining orders, injunctions, * * * and all * * * writs, orders, and decrees."

It thus is plain, if the statutory words are taken in their ordinary sense, that in a civil action to enforce support of minor children the Branch has exclusive jurisdiction not only to provide for their support but also to determine and adjudicate all property rights of the children irrespective of the amount. And for this purpose there is transferred to the Branch such equitable (or legal) power, formerly vested in the District Court, as is needed to deal effectually with the support and property rights of such children, including the power to is-

lee's promise to provide the necessary funds for such college or university educations, if he is financially able to do so.

2. No cross appeal was taken by appellee from that part of the judgment upholding the jurisdiction of the Branch over the claim against him for increased monthly payments for support of the

children. It is now conceded by him that the Branch had jurisdiction to this extent under Section 11–762 of the D.C. Code, quoted infra.

3. The matter following this semicolon in the quotation above was added by the Act of September 9, 1959, Pub.L. No. 86–241, 73 Stat. 473.

sue injunctions and all other writs, orders, and decrees. Obviously, Congress intended that there be vested in the Branch complete and full jurisdiction and complete and full equitable power to consider and adjudicate a minor child's rights in property in connection with his right to adequate support. The two have a clear relationship.

Concededly this case is a civil action to enforce support of minor children insofar as the claim for increased monthly payments is concerned. The father's written promises in the separation agreement to provide the children with money for summer camp and college if financially able to do so, to maintain insurance for their benefit, and to make testamentary provision for them, were for the purpose—as recited in the agreement—of adjusting "by mutual agreement all matters relating to the custody * * * and the support of said minor children and to a division of the property of the parties hereto." The additional claims for the children based on these promises are all thus indisputably either claims for support or claims with respect to alleged property rights of the children against their father considered by the parties to be connected with or related to their support. Thus, we think that under the statutory provisions set out above the Branch has exclusive jurisdiction to adjudicate the merits of these claims and that, if it finds them legally sustainable, it has such general equitable power, as the District Court would have had, to enter the orders which are necessary to give the relief to which it finds the children are entitled. It will of course consider all legal objections raised in connection with such adjudication, other than the jurisdictional objection considered in this opinion.

We note that we do not read the complaint as seeking to have the separation agreement modified or rewritten as to these provisions. Appellant's prayer in each instance is that the court give equitable relief in the nature of a mandatory injunction directing the appellee to take certain steps which are alleged to be required to comply with the promises or to assure the fulfillment of the promises made in the agreement for the benefit of the children. See fn. 1, supra. But whether or not a modification of the agreement in these respects is sought, the Branch has full power to provide for and enforce adequate support for the children, irrespective of any agreement between the parents, and this should include as pertinent the determination of their rights with respect to the promises made by their father.

We find no merit in the argument that the Domestic Relations Branch had no jurisdiction to adjudicate related property rights in this suit to enforce support for minor children because the complaint here was filed before the 1959 amendment was enacted expressly stating that the Branch has such jurisdiction. The Committee Reports with respect to the amendment indicate that Congress enacted it primarily to resolve doubt and to clarify existing law rather than to effect a present transfer to the Branch of jurisdiction over matters which it did not before possess. See S.Rep. No. 680, 86th Cong., 1st Sess. 1, 2 (1959); H.R.Rep. No. 988, 86th Cong., 1st Sess. 1, 2 (1959).[4] How-

4. Both reports contain the following explanation:

"The purpose of this bill is to clarify and define the authority of the domestic relations branch in the municipal court to adjudicate the interests of husband and wife in personal and real property in the District of Columbia, in all actions coming before the domestic relations branch, other than proceedings in adoption.

\* \* \* \* \*

"Since some members of the court have expressed concern as to whether the domestic relations branch in the municipal court has jurisdiction in these matters relating to the adjudication of property rights, your committee feels that it is desirable to resolve this doubt by specifically conferring jurisdiction upon the court."

The Senate Report contains the following additional sentence immediately after the language last quoted:

"The amendment is designed to accomplish this purpose."

ever, even if it was intended to effect a present shift from the District Court to the Domestic Relations Branch of jurisdiction to adjudicate property rights in the types of actions enumerated in Section 11–762, the statute did not affect any substantive right of the parties over their property but changed only the tribunal in which those rights might be adjudicated and enforced. Hence, there can be no valid objection to applying the amendment to suits filed in the Domestic Relations Branch before the amendment was enacted. Hallowell v. Commons, 1916, 239 U.S. 506, 508, 36 S.Ct. 202, 60 L.Ed. 409; Dargel v. Henderson, Em. App.1952, 200 F.2d 564.

Additionally, we point out that where it is clear and conceded that the children's claim to an increased monthly payment for support may be enforced only by means of an action instituted in the Domestic Relations Branch, it would be anomalous indeed if they were to be forced to resort to another action in another forum to enforce their claimed rights to additional support in the form of moneys and property rights which derive from provisions of the agreement stated to be made for their support. Furthermore, it would be highly burdensome to both courts so to split the cause of action into segments, since both would be handicapped in awarding support for the children by lack of authority to deal with the problem in all its aspects.

The conclusions expressed in this opinion appear to us to flow inevitably from our decisions in Harris v. Harris, 1959, 106 U.S.App.D.C. 282, 272 F.2d 511, and Thomason v. Thomason, 1959, 107 U.S. App.D.C. 27, 274 F.2d 89, 91. In Harris, we applied the 1959 amendments to Section 11–762 to a suit earlier brought; in Thomason we made clear that the statutory reference to actions for "support of minor children" was not to be interpreted in any narrow or restrictive sense.

We of course are expressing no opinion as to the factual merits or legal validity of any of the claims made. We hold only that the Branch had jurisdiction to con-

sider and adjudicate the allegations made in the complaint in this case and that it has the general equitable power which the District Court formerly had in dealing with such problems to give such relief as it finds is required in the circumstances.

The judgment of the Municipal Court of Appeals is reversed insofar as it affirms the dismissal of certain portions of the complaint. The case is remanded to that court for further proceedings consistent with this opinion.

So ordered.