Thurman Hill, Washington, D. C., for appellant.

Leon Shampain, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

**Julian GAISSERT, Appellant,**

v.

**Cuba GAISSERT, Appellee.**

**No. 2824.**

Municipal Court of Appeals for the District of Columbia.

Submitted Sept. 25, 1961.

Decided Oct. 20, 1961.

QUINN, Associate Judge.

This is an appeal from the granting of summary judgment in an action filed in the Civil Division of the Municipal Court by appellee claiming support arrearages for herself and son under a written separation agreement. Although not raised by the parties, we regard the primary question as being whether the case was filed in the appropriate branch of the Municipal Court.

The Act of April 11, 1956,[1] creating the Domestic Relations Branch of the Municipal Court, gave it "exclusive jurisdiction over all * * * civil actions to enforce support of minor children; civil actions to enforce support of wife; * * *."[2] Construing this language in Thomason v. Thomason, Judge Prettyman declared:

> "The term 'civil actions' includes all actions, both those formerly known as equitable actions and those known as legal actions; or, in other phraseology, both suits in equity and actions at law. * * *"[3]

On the basis of this interpretation, we believe the Domestic Relations Branch was the appropriate forum for appellee's complaint. It is therefore necessary that we re-

1. Code 1951, 11–758 et seq. (Supp. VIII).

2. Code 1951, 11–762 (Supp. VIII).

3. Thomason v. Thomason, 1959, 107 U.S. App.D.C. 27, 28–29, 274 F.2d 89, 90–91, reversing Hitchcock v. Thomason, D.C. Mun.App., 148 A.2d 458.

mand the case to the trial court with directions (1) to set aside the order granting summary judgment, and (2) to transfer the case to the Domestic Relations Branch for a hearing on the motion.

It is so ordered.

HOOD, Associate Judge (concurring).

I concur, but I have some doubts which I believe should be expressed. The exact holding in Thomason v. Thomason, 107 U.S. App.D.C. 27, 274 F.2d 89, was that the Domestic Relations Branch of the Municipal Court has jurisdiction over a counterclaim seeking a money judgment for arrears in payments due under a foreign decree for the support of minor children. Since the jurisdiction of the Domestic Relations Branch is exclusive, it would appear that no other court in the District of Columbia and no other branch of the Municipal Court would have jurisdiction of such a claim.

In holding that the Domestic Relations Branch had jurisdiction of the claim, it was said in Thomason (107 U.S.App.D.C. 27, 29, 274 F.2d 89, 91):

"A money judgment for arrears in payments due *under a decree* for the support of minor children is available as a means of enforcing collection. It is a means of enforcing *an original decree,* which *decree* is prospective in nature. Thus the money judgment is as much a part of the effort to enforce support of minor children as is the *original decree.* A complaint seeking such a money judgment is a civil action to enforce the support of minor children."

The portions of the above which I have emphasized raise doubts in my mind whether the holding is limited to an action brought for the enforcement of the provision of a prior court decree, or is broad enough to include 'an action brought to enforce the provisions of a contract for support of minor children, or, as here, for the support of a wife. Logically it would appear that either action would be to enforce support, and under Thomason the Domestic Rela-

tions Branch has jurisdiction; and as that branch's jurisdiction is exclusive, it and it alone has jurisdiction. Thus it would appear that the holding in the present case is correct.

However, I think it is beyond question that prior to the creation of the Domestic Relations Branch of the Municipal Court, the civil division of the Municipal Court had jurisdiction over a claim brought on a foreign judgment or decree or on a contract even though the basis of the decree or contract was the support of a wife or minor children, provided the amount of the claim was within the jurisdictional limitation of the court. This court assumed that such jurisdiction continued in the civil division after the establishment of the Domestic Relations Branch, for in Darden v. Darden, D.C.Mun.App., 144 A.2d 697, we affirmed a judgment of the civil division in an action brought on a Florida judgment for arrearages in alimony and support money. Under our present holding we should not have affirmed in Darden, but should have followed the same procedure we are taking in the present case.

I have doubts that the effect of Thomason was to rule that neither the District Court nor the civil division of the Municipal Court has jurisdiction to render a money judgment, regardless of amount, on either a decree or a contract simply because the purpose of the decree or contract was to provide support for a wife. Thomason was decided November 5, 1959. On February 23, 1961, in Smith v. Smith, 109 U.S.App. D.C. 367, 288 F.2d 151, the court reviewed and reversed a judgment of the District Court in an action for claimed arrearages under a separation agreement. Nowhere in the opinion is there any indication that the District Court lacked jurisdiction over the action although it clearly sought to enforce support for the wife under the separation agreement.

Finally, the opinion in Thomason states as an additional reason for its holding that thereby a multiplicity of law suits is avoid-

ed. If the Domestic Relations Branch had exclusive jurisdiction of the counterclaim, I see no occasion for this reference.

For the reasons above stated I doubtfully concur.