William Phillip **CHRISTIAN**, Appellant,

v.

Jeanne Cimino **CHRISTIAN**, Appellee.

No. 3115.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 29, 1962.

Decided Dec. 28, 1962.

John W. Karr, Washington, D. C., with whom Edward P. Barrett, Washington, D. C., was on the brief, for appellant.

Leon Shampain, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

In 1961 appellee brought this suit for separate maintenance. Appellant asserts that she was not a "wife" within the meaning of Code 1961, § 16–415 and therefore could not bring the suit. He appeals from the order of support.

The parties were married in Panama in 1933. During the ensuing years they frequently lived apart; he was a dentist employed by an oil company in South America and she was a night club singer and dancer. In 1951 the husband obtained a divorce *a vinculo matrimonii* in the State of Maryland. The purported notice of the proceeding to the wife was mailed to a California address at which the parties had resided approximately six years previously. The husband caused the notice to be sent there despite his knowledge that appellee had last resided in Florida in an apartment that he had leased in 1948, at which time he paid six months' advance rent. Some years later the wife learned of the divorce. In 1960 she filed a motion in Maryland to vacate the divorce decree. The motion was never passed upon and was withdrawn by consent of opposing counsel "without prejudice." Subsequently she brought the present action.

Appellant contends that the filing of the motion in Maryland constituted a general appearance giving the court in personam jurisdiction over appellee. He argues that since the court had in personam jurisdiction, the 1951 divorce was not ex parte, and because it was not ex parte, appellee was not a "wife" within the meaning of our maintenance statute.

■ Code § 16–415 provides that when a husband fails to support his "wife" although able to do so, the court may decree that he shall support her. "For purposes of jurisdiction in suits to enforce support, a divorced wife is to be deemed a wife." Wagner v. Wagner, 110 U.S.App.D.C. 345, 347, 293 F.2d 533, 535 (1961). The right to support acquired by marriage is an incident of the marriage which survives an ex parte divorce decree. Hopson v. Hopson, 95 U.S.App.D.C. 285, 221 F.2d 839 (1955).

■ Appellee is clearly within the ambit of Wagner and Hopson. There is no doubt that the 1951 divorce decree was ex parte when entered. Appellee did not appear and indeed was not even apprised of its pendency. We have held in other circumstances that appearances constituting waiver of jurisdictional defects must be clear and unequivocal and that they affect future court action, not prior proceedings. Rosenberg's, Inc. v. Stanley Lloyd, Inc., D.C.Mun.App., 183 A.2d 835 (1962).

In applying those requirements to the present case we cannot say that appellee's appearance nine years later served to vitiate the ex parte nature of the divorce proceeding so as to defeat her right of action in this jurisdiction. The proceeding was ex parte in 1951 and it remains ex parte now. Appellee's appearance in Maryland in 1960 did not give that court, retroactively, in personam jurisdiction over her in the 1951 proceeding. We find no error in the award of separate maintenance to appellee.

Affirmed.