**Robert R. RODENBERG, Appellant,**

v.

**Jean M. RODENBERG, Appellee.**

**No. 3687.**

District of Columbia Court of Appeals.

Argued May 17, 1965.

Decided Oct. 7, 1965.

---

Jean M. Boardman, Washington, D. C., for appellant.

Harold Gordon, Washington, D. C., with whom Marshall E. Miller and Stephen I. Danzansky, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

After entering into a separation agreement, the parties hereto were divorced in the State of Florida in 1954. The agreement by reference was incorporated into the divorce decree. In 1956 the parties entered into an amendatory agreement, and with their consent the divorce decree was

amended in accordance with the amendatory agreement. Under the amended decree the former husband was obligated to pay his former wife $400 a month until her death or remarriage. He complied with the agreement until 1960. The former wife then sued him in the Domestic Relations Branch of the Municipal Court (now the Court of General Sessions) for the payments in default. He defended on the ground that she had remarried and was therefore no longer entitled to the payments. He attempted to prove that she had married one James Forney; but the trial court found there had been no marriage, ceremonial or common law, and gave her judgment for the payments in default. He took no appeal from that judgment, which was dated June 20, 1960.

In September 1963, the former husband again discontinued making payments and the former wife brought a second action (this one) in March 1964 for the defaulted payments. In addition to attacking the jurisdiction of the trial court, the former husband again defended on the ground that the former wife had remarried. His demand for trial by jury was granted, but the trial court directed a verdict against him at the close of the testimony.

On this appeal the former husband first attacks the jurisdiction of the trial court to entertain the action. His argument is that the Domestic Relations Branch of the trial court is limited by statute in its jurisdiction, and lacks jurisdiction over an action brought by a former wife to recover judgment under a divorce decree of a foreign jurisdiction.

The statute gives the Domestic Relations Branch exclusive jurisdiction over "civil actions to enforce support of wife." [1] Appellant argues that since he and appellee were divorced in 1954, she is not his wife and therefore this action is not one "to enforce support of wife." The answer to this is that the contract of marriage "embodies a bundle of rights which are divisible" [2] and one of

---

1. D.C.Code 1961, § 11–1141(a) (4) (Supp. IV, 1965).

2. Meredith v. Meredith, 96 U.S.App.D.C. 355, 356, 226 F.2d 257, 258 (1955).

the rights which often survives divorce, as in this case, is the right of support. "For purposes of jurisdiction in suits to enforce support, a divorced wife is to be deemed a wife." Wagner v. Wagner, 110 U.S.App. D.C. 345, 347, 293 F.2d 533, 535 (1961).

Appellant also argues that the present action is nothing more than the common law action of debt on a foreign judgment, that the Domestic Relations Branch was not given jurisdiction over such actions, and that jurisdiction of such an action lies, depending upon the amount involved, either in the Civil Branch of the trial court or in the United States District Court for the District of Columbia. We were once inclined to that view and in Hitchcock v. Thomason, D.C.Mun. App., 148 A.2d 458 (1959), held that the Domestic Relations Branch had no jurisdiction to award judgment in an action on a Nevada decree for support of a child. Our holding was reversed in Thomason v. Thomason, 107 U.S.App.D.C. 27, 29, 274 F.2d 89, 91 (1959), where it was said: "A complaint seeking such a money judgment is a civil action to enforce the support of minor children." Following that decision we held in Gaissert v. Gaissert, D.C.Mun.App., 174 A. 2d 195 (1961), that the Domestic Relations Branch had exclusive jurisdiction over an action by a wife for judgment for support arrearages for herself and son under a separation agreement. It appears established by these decisions that the Domestic Relations Branch had jurisdiction of the present action, as it is one to enforce support of a wife.

■ As we have previously stated, appellant's defense to the merits of appellee's claim was that she had remarried, and that his obligation to make support payments had thereby terminated. This brings up the question of appellant's right to a trial by jury on the issue of appellee's remarriage. Appellee contends that because the statute creating the Domestic Relations Branch makes no provision for trial by jury and because the jurisdiction of the Branch is largely equitable in nature, appellant was not entitled to a jury trial. However, the statute could not abrogate the constitutional right to trial by jury, and when a strictly legal action is brought in the Domestic Relations Branch the right of trial by jury accompanies it. The trial court properly granted appellant's demand for a jury trial.

■ At trial appellant established a close and intimate relation between appellee and Mr. Forney; but both denied that they had ever entered into a ceremonial marriage or had ever held themselves out to be husband and wife, and there was no evidence that such had occurred. Appellant argues that the issue should have been submitted to the jury and that the jury could have inferred from the evidence that appellee and Mr. Forney were married. It is our opinion that any such finding by a jury would have been purely speculative and conjectural, and that the trial court correctly directed a verdict.

■ Appellant also complains that the trial court refused to admit in evidence the statutes of Virginia relating to the crimes of fornication and lewd and lascivious cohabitation. He contends that these statutes became relevant after he had proved that appellee and Forney had engaged in sexual relations at her apartment in Virginia, where Forney often stayed overnight. His theory is that there is a presumption that men and women obey the law, and that the jury could have inferred that the sexual relations between appellee and Forney were sanctioned by a lawful marriage. We think the evidentiary effect of the statutes on the issue here was of such slight consequence as to warrant their rejection. They may have tended to prove that appellee and Forney should have been married, but they could not furnish a basis for a finding that the parties were in fact married.

■ It is also contended by appellant that appellee because of her relationship with Mr. Forney was estopped to deny that he and she were married. We find no merit to this contention.

Affirmed.