**Frances C. DEN, Appellant,**

v.

**Alfred A. J. DEN, Appellee.**

**No. 20382.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 31, 1967.

Decided Feb. 28, 1967.

Mr. Paul M. Rhodes, Washington, D. C., with whom Mrs. Frances H. Good-

win, Washington, D. C., was on the brief, for appellant.

Mr. Warren E. Magee, Washington, D. C., with whom Mr. Thomas G. Laughlin, Washington, D. C., was on the brief, for appellee.

Before BAZELON, Chief Judge, and WRIGHT and TAMM, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge:

Appellant was divorced from appellee in 1963 by an Alabama court. She appeals here from the District Court's entry of summary judgment for appellee in her suit seeking specific performance or damages for appellee's alleged failure to abide by the terms of a separation agreement. The agreement, providing in the main for the maintenance and support of appellant and the parties' two children, was "confirmed" by the Alabama decree with the stipulation that "the parties shall keep and abide by the terms thereof; however, the same is not merged in this decree but shall in all respects survive this decree." Appellee managed to "keep and abide" by the agreement until 1965, when he decided to reduce the amount of his monthly payments to appellant. Appellant sued in the District of Columbia Court of General Sessions for the amounts in default, and eventually obtained a judgment in her favor. *See* Den v. Den, D.C.Ct.App., 222 A.2d 647 (1966).[1] While that litigation was winding its way to resolution, appellee again defaulted, this time refusing to make any payment whatever for the months of February and March 1966; and this time appellant brought suit in the District Court.

Appellee's two-month delinquency apparently amounted to only $2,000.00. Appellant, however, sought to bring herself within the District Court's jurisdiction by asserting that appellee was in "total breach of his contractual obligations," that she feared he was about to

leave the District of Columbia, and asking the court either to "retain jurisdiction of this cause * * * and require defendant to specifically perform his obligations" or to grant damages for total breach in the amount of $250,000.00.[2] Appellee moved to dismiss the action for lack of jurisdiction or, alternatively, for summary judgment; and in support of his motions he filed an affidavit alleging payment of all amounts due since the complaint had been filed. Appellant then responded with a counteraffidavit which did not dispute payment but alleged further defaults: appellee's failure timely to provide appellant with copies of his tax returns so she could compute the proper amount due in monthly payments, failure to advise appellant of his changes of address, and failure to pay an annual premium on a life insurance policy. With the pleadings in this posture, the District Court ruled that it was "without jurisdiction," and for reasons that are not entirely clear granted appellee summary judgment and held the motion to dismiss moot. We agree that the District Court lacked jurisdiction, but for reasons other than those cited by the parties or the District Court.

11 D.C.CODE § 1141(a) (Supp. V 1966) provides: "The Domestic Relations Branch of the District of Columbia Court of General Sessions and each judge sitting therein has exclusive jurisdiction of: * * * (3) civil actions to enforce support of minor children; (4) civil actions to enforce support of wife * * *." And 11 D.C.CODE § 1161 (Supp. V 1966) provides: "The Domestic Relations Branch * * * has all of the legal and equitable powers necessary to effectuate the purposes of this chapter * * *." The question is whether appellant's action here is governed by these provisions. More precisely, is a suit—whether construed as seeking simply a money judgment or as asking for equitable relief as well—

---

1. Appellant had asked for punitive damages as well as arrearages. The District of Columbia Court of Appeals held she was entitled to only the latter, however.

2. *See* 11 D.C.CODE §§ 521(a) (1), 961(a), 962 (Supp. V 1966).

brought on a separation agreement which has not been merged in a divorce decree and which, therefore, partakes of the nature of a contract, 27B C.J.S. *Divorce* § 301(2) (1959), an action "to enforce support" within the meaning of Section 1141(a) (4) ? We think the decisions of this court and those of the District of Columbia Court of Appeals establish that it is.

■ To begin with, it is clear that, although appellant is no longer married to appellee, she is a "wife" for purposes of the statute. *See* Wagner v. Wagner, 110 U.S.App.D.C. 345, 293 F.2d 533 (1961); Rodenberg v. Rodenberg, D.C. Ct.App., 213 A.2d 510 (1965). It is also clear that, had appellant been seeking to enforce provisions relating to the support of either of the children, the action would have been governed by Section 1141(a) (3). Thus in Thomason v. Thomason, 107 U.S.App.D.C. 27, 274 F. 2d 89 (1959), this court held that an ex-wife's counterclaim seeking a money judgment for arrears in child support payments due under a foreign divorce decree was a civil action to enforce support of minor children. And in David v. Blumenthal, 110 U.S.App.D.C. 272, 292 F.2d 765 (1961), the same was held to be true where the wife sought equitable enforcement of a written separation agreement which, as here, had not been incorporated in the foreign divorce decree.

Whether *Thomason* and *David* also apply where the wife's suit concerns payments for her own support has never been decided by this court.[3] However, the District of Columbia Court of Appeals so held in Gaissert v. Gaissert, D.C.Ct.App., 174 A.2d 195 (1961). There the wife claimed arrearages due both herself and her minor son under a separation agreement, the court holding that her action properly belonged in the Domestic Relations Branch. Judge Hood, now Chief Judge, concurred, expressing some doubt whether *Thomason*, having involved as it did a court decree,

would govern an action brought to enforce the provisions of a contract for the wife's support, but he concluded that there was no logical reason why the latter would not be an action to enforce support as much as the former. His doubts appear to have been resolved, in any event, since he reaffirmed *Gaissert* recently in Rodenberg v. Rodenberg, D.C. Ct.App., 213 A.2d 510 (1965). We likewise think *Gaissert* was correctly decided.

■ As is obvious from the face of Section 1141, Congress intended that domestic relations matters be consolidated in a single forum. And it is indisputable that appellant's action, albeit contractual in nature, is nonetheless a domestic relations problem. In short, it is an action to enforce her support. Therefore, having already decided in David v. Blumenthal that Section 1141 governs whether the action is based on a decree or on an agreement, we think it follows that appellant's action is within the exclusive jurisdiction of the Domestic Relations Branch according to Section 1141(a) (4). We are reinforced in this view by the fact that, were we to hold otherwise and had appellant alleged a default in child support payments, she would wind up litigating in two separate forums over what in essence is a unitary problem. *Cf.* David v. Blumenthal, *supra*, 110 U.S.App.D.C. at 275, 292 F.2d at 768.

■ Because of our ruling we need not reach the merits of the District Court's disposition of appellee's motion for summary judgment. However, if appellant is entitled to relief, as to which we express no opinion, it is within the power of the Domestic Relations Branch to grant it—be it equitable or legal in nature. *See* 11 D.C.CODE § 1161; David v. Blumenthal, *supra; cf.* Brewer v. Simmons, D.C.Ct.App., 205 A.2d 60 (1964).

■ There remains, then, the appropriate disposition of this appeal. We

---

3. The question was not decided in Smith v. Smith, 109 U.S.App.D.C. 367, 288 F.2d 151 (1961), decided before David v. Blumenthal, *supra*.

think the interests of justice would best be served by remanding the case to the District Court with directions to vacate its order and to transfer the action to the Domestic Relations Branch of the Court of General Sessions. *See* Wagner v. Wagner, *supra.*

So ordered.