Robert R. RODENBERG, Appellant,

v.

Jill HATFIELD and Jack Rephan, Administrators c. t. a. of the Estate of Jean Melita Rodenberg, Appellees.

No. 4093.

District of Columbia Court of Appeals.

Argued April 8, 1969.

Decided Aug. 26, 1969.

Jean M. Boardman, Washington, D. C., for appellant.

Stephen I. Danzansky, Washington, D. C., for appellees. Marshall E. Miller, Washington, D. C., also entered an appearance for appellees.

Before HOOD, Chief Judge, and KELLY and KERN, Associate Judges.

KELLY, Associate Judge.

On December 17, 1964, Jean M. Rodenberg[1] filed a complaint in the Domestic Relations Branch of the trial court, later supplemented and amended, in which she alleged that appellant had defaulted in making support payments from March 4, 1964 to the time of the filing of the supplemental complaint. Appellant admitted that no payments were made during this period, his defense being that appellee was not entitled to support payments because she had remarried. At the trial by jury, after the close of all of the evidence, the trial court directed a verdict for appellee. Judgment for appellee was entered in the sum of $9,-200, the stipulated amount of the arrears.

Appellant contends that the trial court erred in taking jurisdiction of the case, in failing to hold that appellee was estopped to deny she had remarried, in ruling that a prior judgment had rendered *res judicata* all evidence of appellee's conduct prior to March, 1964, and in directing a verdict for appellee.

---

1. Jean M. Rodenberg died while this appeal was pending and Jill Hatfield and Jack Rephan, Administrators c.t.a. of the Estate of Jean Melita Rodenberg, were substituted as appellees. For the sake of clarity in this opinion we continue to refer to Jean M. Rodenberg as appellee.

The question of jurisdiction was fully considered in a former action between the same parties. Rodenberg v. Rodenberg, D.C.App., 213 A.2d 510 (1965),[2] where we held that the Domestic Relations Branch of the trial court was the appropriate forum for bringing actions to enforce support payments based upon a separation agreement incorporated into a foreign divorce decree. We also held in that case that appellee was not estopped to deny that she had remarried. We adhere to both rulings in this present action.

■ Appellant stipulated at trial that the prior judgment had rendered *res judicata* the issue of whether or not appellee had remarried prior to March 1, 1964. He argued, however, that he had a right to introduce in evidence facts occurring prior to March 1, 1964, as bearing on the issue of remarriage in the period covered by the present complaint. When the trial judge precluded this testimony, appellant proffered for the record essentially the same evidence of appellee's conduct which was introduced at the prior trial in an attempt to show that she had remarried. We agree that this evidence was properly excluded. Since the matters at issue in both actions were identical; the only difference between the two being the periods of time covered by each suit,[3] and since the fact of remarriage prior to March 1, 1964 had been fully adjudicated in the prior action, the trial court was correct in ruling that events prior to that date could not be relitigated. *Cf.* Mozick v. Mozick, D.C.App., 245 A.2d 643 (1968).

■ Central to all of the Rodenberg litigation has been appellee's relationship with one James Forney. The testimony of the closeness of that relationship during the period in question was much the same as that given in the prior litigation, except that both appellee and James Forney categorically denied any cohabitation since March, 1964. Evidence was adduced that Mr. Forney loaned appellee money and spent a considerable amount of time in her company, but both denied that they represented to anyone that they were married.[4] The only new evidence introduced in the present trial was that on one occasion appellee had worn a wedding ring when visiting Ingrid Rodenberg.[5] When asked who had given it to her she replied that it was her wedding ring from appellant. Ingrid Rodenberg testified that she had been told by appellant that he had given both of them the same type wedding ring and that the ring worn by appellee had been different from her own. Moreover, on subsequent occasions when she saw appellee the wedding ring was not worn. Appellee did not dispute this testimony, admitting that many times she did wear her wedding ring, given to her by appellant, since "a mother with grandchildren looks rather funny without a ring on her finger." On this record, we agree with the trial court that

There is no evidence to show that the plaintiff and Mr. Forney have lived together or held themselves out as husband and wife in any place where a common-law marriage is lawful.[6] Even if we considered the wearing of the ring in

2. *See also* Den v. Den, 126 U.S.App.D.C. 152, 375 F.2d 328 (1967).

3. Indeed, there had been a still earlier suit between these parties on the issue of remarriage which ended in a judgment for appellee from which no appeal was taken.

4. Miller v. Miller, 74 App.D.C. 216, 122 F.2d 209 (1941), relied on by appellant, is distinguishable. In that case the wife, apparently a District of Columbia resident, failed to deny for a period of two years the charge by her former husband that she had remarried and accepted reduced support payments during the two years. Moreover, in *Miller* there was evidence that it was reputed that she had remarried. *See also* Wilson v. Atwood, 63 App.D.C. 80, 69 F.2d 398 (1934).

5. At that time, Ingrid Rodenberg was married to appellant.

6. Appellee was a resident of the state of Virginia.

the District of Columbia as a holding out that she was married, there is no evidence that she was holding out that she was married to Mr. Forney.

We likewise agree with its ruling that the evidence presented by appellant of an alleged remarriage by appellee was too conjectural and too speculative to go to the jury. Accordingly, the judgment of the trial court is

Affirmed.