# BERNSDORFF *v.* BERNSDORFF.*

---

HUSBAND AND WIFE; MAINTENANCE AND SUPPORT; EQUITY PRACTICE; APPELLATE PRACTICE; COSTS.

1. The refusal of a wife to accept the offer of her husband, employed here, of a home in Virginia, a few miles from Washington, with himself and his mother, who occupied a farm there as caretaker for the nonresident owner, is not sufficient to defeat a petition by the wife against the husband for the support of herself and child.

2. The amount and continuance of an allowance by the equity court to a wife by her husband for the support and maintenance of herself and child, in a suit by her for that purpose, remain subject to the control of that court; and, if the husband thereafter procures a suitable home, and invites his wife to take up her residence therein, and she refuses, her declination will afford ground for discharging him from further charge for maintenance.

3. Where, on an appeal by a husband from a decree for the maintenance and support of his wife and child, it appeared that the costs of the appeal had been increased by considerable irrelevant and unnecessary testimony before the examiner, this court *overruled* a motion by the wife for an allowance for attorney's fees in addition to that made in the court below.

No. 1578.  Submitted December 15, 1905.  Decided January 4, 1906.

---

*See *Bernsdorff* v. *Bernsdorff* ante,* p. 228.—Reporter.

HEARING on an appeal by the defendant from a decree of the Supreme Court of the District of Columbia, in a suit by a wife against her husband for maintenance and support, and on a motion by the appellee for an allowance for attorney's fees. *Decree affirmed, and motion denied.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree, on a bill filed by a wife, Lucy E. Bernsdorff, against her husband, Elmore E. Bernsdorff, ordering the defendant to pay her the sum of $25 per month for the maintenance of herself and infant child.

The bill, while containing some allegations more appropriate in one for legal separation from bed and board under sec. 966 of the Code [31 Stat. at L. 1345, chap. 854], is substantially for maintenance as provided in sec. 980 [31 Stat. at L. 1346, chap. 854].

It appears from the evidence that the parties were married in the city of Washington January 6, 1902, and have an infant child about two years old, whose custody has been awarded to the wife.

The parties first lived in a house with the mother of the appellant, and afterwards rented a house by the month, of which the appellee's mother afterwards became an inmate, living as a member of the family. Husband and wife lived together in harmony for some time, but the husband, who is a deaf mute, finally became dissatisfied with his mother-in-law, and objected to her living with them.

He was employed in a mail-bag repair shop of the Postoffice Department, with a salary of $55 per month, and was engaged in some extra labor which paid about $15 per month. The wife, prior to the marriage, had been employed as a nurse in one of the hospitals of the city; after marriage she had been maintained by her husband.

The husband talked with the wife about obtaining a home elsewhere, but the latter desired her mother's continued residence with her. This disagreement made their relations unpleasant.

The husband, about August 5, 1904, went away for a few days' rest, to a place where his mother was then living in Virginia, a few miles from Washington. He left no money for the payment of the rent of the premises occupied, but gave his wife, during the month, about $14 for expenses. He demanded that she remove with him to his mother's residence, which she declined. An attempt has been made to show that he procured several rooms in a flat or apartment house in Washington, suitable in every way as a residence, and insisted on his wife's taking up her residence with him therein, leaving her mother behind. The most that appears in his answer to the bill, and in his evidence, is that he offered to rent such rooms only, and did not designate the particular place. All that he actually did was to insist upon her removal with him to his mother's Virginia residence. The evidence shows that the mother had no house, but was employed by the owner of a farm in Virginia, who lived elsewhere. She received wages and her board, and occupied the farm house. She had no lease of the house, and apparently no contract for a definite period of service. It appears that there was ample room in the house for appellant, appellee, and their child, and that the owner was willing that they should occupy it also, while his mother remained.

The wife declined to remove to the new home, and the husband remained away. Some negotiations were had looking to a settlement of differences, which were terminated by the rather hasty action of the wife, who retained new counsel, not, however, her representative on this appeal, without notice to the one first retained, and immediately filed the bill.

*Mr. Charles F. Carusi* for the appellant.

*Mr. Charles W. Stetson* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Considering the disabilities of the appellant, the case is a

hard one; but we cannot say that the appellee was not entitled to a decree for the maintenance of herself and child.

Had the husband actually secured the rooms in the city, of which he spoke, and invited his wife to remove thereto with the child, and without her mother, he would have been within his undoubted right as head and support of the family; and his removal thereto would not have constituted desertion, or refusal of maintenance. This, as we have seen, he failed to do. We cannot regard the offer of the Virginia house as sufficient. Aside from the fact that she would have the like right to object to his mother becoming a member of the family, it was not a home in the proper sense of the word.

The occupation of the house by the appellant's mother was at the will of the owner, and the joint occupation to which she had invited her son and his family was at her will and pleasure.

No objection has been raised to the amount of the maintenance decreed, or to the allowance for the appellee's attorneys' fees and other costs. The amount and the continuation of the allowance will remain subject to the control of the equity court. Should the parties reconcile their differences and resume their relations, the order for maintenance will necessarily be discharged. And if the husband shall, hereafter, in good faith procure a suitable home, and invite his wife to take up her residence therein, her declination will afford ample ground for discharging him from further charge of maintenance.

As the costs of this appeal will have to be paid by the appellant, and the same have been increased by the taking of a considerable amount of irrelevant and unnecessary testimony before the examiner, we decline to grant the appellee's motion for an allowance for attorneys' fees in addition to that made in the decree below.

The decree will be affirmed with costs. It is so ordered.

*Affirmed.*