# MARSCHALK *v.* MARSCHALK.

HUSBAND AND WIFE; MAINTENANCE AND SUPPORT.

Where a husband and wife acquired a dwelling as a family home, she making the cash payment, and both agreeing to make monthly payments on the balance of the purchase price until the property should be paid for, and thereafter they separated and she filed suit against him for maintenance and support on the ground that he refused to live with her in such home, it was *held* that it was no defense that he had procured a home elsewhere and offered to live in it with the plaintiff, but that an order awarding her separate maintenance and support should apply only so long as the defendant should remain away from her, and might be suspended by his return to the house they had so acquired for a home. (Distinguishing *Bernsdorff* v. *Bernsdorff*, 26 App. D. C. 520.)

No. 2934. Submitted October 9, 1916. Decided November 14, 1916.

HEARING on an appeal by the defendant from an order of the Supreme Court of the District of Columbia granting the wife separate support and maintenance in a suit by her for that purpose. *Affirmed.*

The COURT in the opinion stated the facts as follows:

Ethel Bruce Marschalk filed her bill May 5, 1914, against Andrew E. Marschalk, alleging abandonment by defendant, and praying for an order for maintenance.

Defendant answered the bill, denying ill treatment of the plaintiff, and alleges that he has always been willing to provide for her, and that plaintiff had refused to grant him the rights of a husband, and that being together became intolerable; that they entered into an agreement for a separation.

The testimony of the plaintiff tended to show cruel treatment by the defendant, and his abandonment of her, and that she in

willing to receive him back in the house in Lexington place, where their home was established.

In August, 1913, the parties signed an agreement by which the defendant promised to pay plaintiff thirty ($30) dollars per month for her support. Other testimony was offered tending to show that in January, 1915, plaintiff expressed a desire to meet defendant and conduct a reconciliation; at the time of the marriage plaintiff and defendant purchased the house in Lexington place; that plaintiff paid out of her separate funds the one thousand ($1,000) dollars cash payment thereon, and she and defendant entered into an agreement for the monthly payment of thirty-five dollars and fifty cents ($35.50) until the house should be paid for. They made their home in said house until the defendant's departure, but plaintiff still lives there. Defendant testified that he had refused to live in the Lexington place house because of plaintiff's relations with the neighbors, and on account of his wife's conduct. That he requested her to move, and that he wrote her, saying that he had leased a house at 129 Sixth Street Southeast, and inclosed her a copy of the lease; that the lease is still in force, and he had offered plaintiff a home there with him and was anxious for her to take up her residence there with him, leaving the present home and attempting to sell or rent it.

Upon this evidence the court delivered an opinion stating his belief that the troubles of the parties might be easily reconciled, and that they might live together harmoniously. He entered an order requiring defendant to pay plaintiff forty ($40) dollars per month for her support, and from this he has appealed.

*Mr. Henry I. Quinn* for the appellant.

*Mr. Sidney E. Mudd, Mr. George E. Havell,* and *Mr. S. McC. Hawken* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

It is the appellant's contention that as he has procured a home elsewhere and offered to live in the same with plaintiff, that her bill for maintenance should have been denied.   He cited *Bernsdorff* v. *Bernsdorff,* 26 App. D. C. 520, in support of his contention.   As held in that case, if the husband, in good faith, procures a suitable home and invites the wife to reside there with him, she will not be allowed a decree for separate maintenance elsewhere.   In that case the parties had no acquired home and were living with the mother of the plaintiff.   The living with the mother-in-law became disagreeable to the husband, and his offer to procure a permanent home elsewhere without the mother-in-law was refused by the wife.   They had no family home, and this conclusion had reference to the future condition of the parties.

This case is different.   The home occupied by the wife was purchased for the family home, she making the cash payment, and the completion of the title depends upon the payment of the thirty-five dollars and fifty cents ($35.50) per month until the purchase is completed. The wife is not compelled to give up this home with the probable risk of forfeiture of the title.   It was a suitable home that had been selected by the parties, and she is willing to receive defendant with her therein.

The court being of opinion, after hearing all the evidence and considering the difficulties of the parties, that there was no good reason why they might not be able to live together in the same home, an order for separate maintenance will apply so long as defendant remains away from the plaintiff, and may be suspended by his return to the house.

We find no error in the decree, and it is affirmed with costs.

*Affirmed.*