**Joseph E. BOUCHARD, Appellant,**

v.

**Brigitte BOUCHARD, Appellee.**

**No. 2455.**

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 12, 1959.

Decided Dec. 22, 1959.

Joseph V. Gartlan, Jr., Washington, D. C., with whom Leonard S. Melrod and S. Anthony diCiero, Washington, D. C., were on the brief, for appellant.

William H. Clarke, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

PER CURIAM.

The only question involved here is the propriety of the trial court's action in allowing an additional counsel fee to the attorney for the appellee wife.

This case was before us once before. The wife had filed a complaint for maintenance for herself and the minor child of the parties, and for its custody. The trial court in that case denied maintenance for the wife because the husband was complying with an order of a Baltimore court requiring him to pay $31.50 a week for her support. The husband was awarded custody of the child with the right of visitation in the wife, and her attorney was awarded a counsel fee of $300. On the wife's appeal, we affirmed the judgment. Bouchard v. Bouchard, D.C. Mun.App., 148 A.2d 463.

The husband thereafter filed in the original case in the trial court a motion for a modification of the judgment insofar as it related to the visitation rights of the wife.

Her counsel opposed the motion, and after testimony was taken, the court modified her rights in this connection and allowed her counsel an additional fee of $300.

Counsel for the husband contends: (1) that the court had no power to award the additional fee; and (2) if it had the power, it abused its discretion in making the award in view of the facts and circumstances of the case. We disagree on both points.

It could not be seriously contended that the court in the original maintenance action could not make an allowance for counsel fees for the wife's attorney. The subsequent action of the husband in requesting modification of the wife's visitation rights is simply another aspect of the original case and we have no difficulty in holding that the trial court had authority to award the additional fee and there is nothing in the record to justify us in holding that it abused its discretion when it did so.

Affirmed.