**John C. SEARS, Appellant,**

**v.**

**Mary GRIEMSMAN, also known as Mary Griemsman Sears, Appellee.**

**Mary GRIEMSMAN, also known as Mary Griemsman Sears, Appellant,**

**v.**

**John C. SEARS, Appellee.**

**Nos. 3135, 3136.**

District of Columbia Court of Appeals.

Argued Jan. 14, 1963.

Decided Feb. 21, 1963.

John Alexander, Washington, D. C., with whom Walter W. Johnson, Jr., Washington, D. C., was on the brief, for John C. Sears.

Frederick A. Ballard, Washington, D. C., with whom John W. Kern, III, Washington, D. C., was on the brief, for Mary Griemsman.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This case is here for the second time. For convenience we shall refer to the parties as they appeared in the trial court.

---

Plaintiff brought suit to annul his marriage to defendant. She counterclaimed for separate maintenance. The trial court granted the annulment and denied defendant's maintenance claim on the ground that she was not a "wife" and therefore not entitled to support. The court's ruling was founded upon a determination that plaintiff's marriage to defendant was, under our Code, void and of no legal effect, because at the time of the marriage plaintiff was still married to another woman, and a Mexican mail order divorce decree, which purported to dissolve the marriage, was invalid. We affirmed, 166 A.2d 748 (1960).

On appeal the United States Court of Appeals for the District of Columbia Circuit affirmed the annulment decree by stating that "no judicial decree is needed to give these parties the status they had when they first met," but held that for purposes of maintenance only, plaintiff was estopped to deny the validity of the marriage. 110 U.S. App.D.C. 407, 411, 293 F.2d 884, 888 (1961). In remanding the case for proceedings in conformity with its opinion, the court said:

"We do not, by this opinion, intimate an opinion as to whether appellant is entitled to support. This will depend upon the showing made by the parties —the incomes of the parties, their respective condition of health, the contribution (if any) now being made by appellee to [his first wife], and such other elements that enter into the usual maintenance case. All we decide here is that appellee is estopped to deny the validity of the * * * marriage for purposes of this maintenance case only." (110 U.S.App.D.C. at p. 411, 293 F.2d at p. 888.)

The case was retried below solely on the issue of maintenance. Defendant was awarded $75 monthly support and her attorney a fee of $8,500. Cross appeals were taken. She claims the maintenance is inadequate; he claims that the attorney's fee is excessive.

We have carefully reviewed the record and find no error. There is evidence in the record to substantiate the adequacy of the support award, and we cannot say that the attorney's fee awarded revealed an abuse of discretion. This case has been in our courts for over three years. Two trials and three appeals have so far been had. Considering the extensiveness of the litigation, we cannot say that this fee was excessive.

Affirmed.