**Benjamin PINCUS, Appellant,**

v.

**Kate PINCUS, Appellee.**

**No. 3401.**

District of Columbia Court of Appeals.

Argued Jan. 27, 1964.

Decided Feb. 28, 1964.

David F. Smith, with whom Dorsey K. Offutt, Washington, D. C., was on the brief, for appellant.

Charles H. Mayer, Washington, D. C., with whom Lewis H. Shapiro, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and SMITH, Chief Judge of the District of Columbia Court of General Sessions, sitting by designation.

SMITH, Judge:

This appeal is from an order adjudicating a husband in contempt for failing to comply with certain provisions of a judgment for separate maintenance, dated July 27, 1960.

Appellant and his wife were married in 1937 and two children were born of this marriage. In 1959 the wife, who was employed and had a modest separate income, filed suit for limited divorce and/or separate maintenance. She was denied a divorce but was granted separate maintenance, the decree providing in pertinent part that the husband pay:

"3 * * *

(a) The upkeep of the marital abode * * * including, but not limited to, the principal and interest on the mortgage on said property, taxes, water rent, and all reasonable repairs, so that the Wife and minor children may continue to have housing accommodations appropriate to their status;

* * * * * *

"(d) All costs incident to the necessary and reasonable education of said minor children; * * *"

At the time of the decree the fifteen-year-old daughter of the parties was a student at a local public high school and the son was ten years of age. Upon graduation from high school in 1962, the daughter entered Temple University School of Oral Hygiene. Meanwhile, the son attained the age of thirteen, and in accordance with the custom of many Jewish families, had become bar mitzvah. A religious ceremony was held at the synagogue followed by a reception at a Washington hotel to celebrate the event.

In August 1963 the wife moved to hold the husband in contempt for refusing to pay household repairs totaling $689.05, the daughter's college tuition and expenses for the years 1962–63 and 1963–64 in the amount of $3,856.49 and certain items in connection

with the son's bar mitzvah.[1] The trial court found that appellant had failed and refused to pay these expenses and ordered him to pay $6,000 to the wife, plus $350 attorneys' fees, within sixty days or be committed to jail for one hundred eighty days.

■■ On appeal the husband questions the validity of the contempt order and his liability under the original decree for the individual items. Appellant makes other assignments of error which need not be considered here. First, we are of the opinion that the household repairs are specifically covered by paragraph 3(a) of the original order, and the trial court's determination as to those items was correct. Before incurring the additional expenses under the original decree, we are of the further opinion that appellee should have asked the court for specific authority to incur them.

■ Insofar as college expenses are concerned, most jurisdictions require a father to educate his children in a manner befitting his condition and circumstances in life.[2] The most important factors in determining a father's liability for the expenses of his child's college education are 1) the father's ability to pay and 2) the ability and capacity of the child for further education.[3] We find nothing in the record indicating precisely how the trial judge arrived at his decision. The 1960 decree is silent on the question of liability for college expenses, and paragraph 3(d) is not worded in a manner that would require the husband to make an extra payment for the daughter's college education, without a finding that he can afford this undertaking in addition to his present support payments.

The bar mitzvah expenses can be divided into two categories, those related to the religious education of the son and the reception. The expenses of religious instruction may be proper within the language of the decree but should be supported by findings of fact. We doubt that a hotel reception following a religious ceremony can be classified as an "educational" expense. However, this does not necessarily preclude the father from being liable. After reviewing the father's ability to pay, the family's position in the community, the custom of having such a reception, and other circumstances, the court may determine that a father is responsible for such an expenditure.

■ Neither the college nor bar mitzvah expenses were expressly covered by the original decree granting support. Consequently, there was a question of fact as to whether these items were properly included under its terms. This being so, we are of the opinion that this question of fact should not have been litigated by means of a motion for contempt. Contempt can only be founded upon disobedience of some clear and express direction of the court.[4] Provisions of a support decree that are couched in indefinite language are not the proper subject of contempt proceedings. The effect of the trial court's judgment in the instant case was to hold that the decree included authority to incur certain expenses and simultaneously find the husband guilty of violating the right that the court had just ruled existed.

The judgment of contempt must be reversed and the case remanded for a hearing on the disputed items in accordance with this opinion.

Reversed and remanded with instructions.

1. Religious instruction, $127.50; printing, $22.87; wine, $19.92; flowers, $62.78; religious school expenses, dues and books, $273.75, and reception, $1,045.88.

2. See annotations at 56 A.L.R.2d 1207 at 1220; 133 A.L.R. 902 at 911.

3. Ibid.

4. 2 Nelson, Divorce and Annulment, § 16.-03 (2d ed. 1961).