**Emilienne GHERARDI de PARATA,
Appellant,**

v.

**Blaise GHERARDI de PARATA, Appellee.**

**No. 3380.**

District of Columbia Court of Appeals.

Argued Jan. 14, 1964.

Decided April 30, 1964.

Rehearing Denied May 25, 1964.

James J. Laughlin, Washington, D. C., for appellant.

Marshall E. Miller, Washington, D. C., with whom Sylvan M. Marshall, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

The parties to this action were married in the District of Columbia on February 7, 1960. Marital difficulties arose almost immediately and within a few weeks the wife returned to her native country, Belgium, for a rest and remained there for several weeks. When she returned to this country she and her husband resumed their married life, but after a short stay she again went to Belgium for another visit. When she came back the parties again lived together until August 1960. In that month the husband went to Alabama and obtained a divorce. The wife claims that when he returned from Alabama he showed her the divorce decree and ordered her out of the home. The husband claims that they separated voluntarily and he paid her passage back to Belgium. At any rate the wife left the home and shortly thereafter went to Belgium where she has lived ever since. Before leaving, however, she retained a lawyer and began suit in the District of Columbia to declare the Alabama divorce void and to affirm their marriage. The trial court upheld the validity of the Alabama divorce, but on appeal this court reversed and held the divorce to be void. Gherardi de Parata v. Gherardi de Parata, D.C.Mun.App., 179 A.2d 723 (1962). There followed a second appeal dealing with the question of counsel fees to the wife's attorney. Gherardi de Parata v. Gherardi de Parata, D.C.App., 193 A.2d 213 (1963).

During the pendency of the first appeal the present action was commenced by the wife for separate maintenance. The wife did not appear at the trial held in March of 1963 because, as she claimed, she was ill and unable to leave Belgium. Her testimony was by means of interrogatories and cross-interrogatories. At trial the husband testified that after the divorce had been declared void he desired to become reconciled with his wife, and he introduced into evidence three letters to this effect he had written to his wife and two of her answering letters. He testified that he still wished his wife to return and live with him.

At the conclusion of the trial court found: (1) that the husband had in good faith repeatedly requested the wife to return to him and resume cohabitation; (2) that the wife without legal cause had refused to return and live with her husband; and (3) that the wife was not entitled to separate maintenance.

The principal question on this appeal is whether a wife, who was justified in leaving her husband,[1] and who refuses to return to him after he has made a good-faith offer to resume marital relations, is entitled to separate maintenance. This question has never been squarely answered in this jurisdiction, but in an early case it was said: "Should the parties reconcile their differences and resume their relations, the order for maintenance will necessarily be discharged. And if the husband shall, hereafter, in good faith procure a suitable home, and invite his wife to take up her residence therein, her declination will afford ample ground for discharging him from further charge of maintenance." Bernsdorff v. Bernsdorff, 26 App.D.C. 520, 523 (1906).

In Marschalk v. Marschalk, 45 App.D.C. 455, 457 (1916), the court, referring to the Bernsdorff case, said: "As held in that case, if the husband, in good faith, procures a suitable home and invites the wife to reside there with him, she will not be allowed a decree for separate maintenance elsewhere."

■ The question has been considered in many states, and it is generally held that refusal of the wife to accept a good-faith offer of the husband to resume the marital life bars her claim to separate maintenance. The cases are collected in the annotation in 10 A.L.R.2d 466, 506, and the supplemental service thereto. See also, 42 C.J.S. Hus-

---

1. Whether the separation was voluntary, as the husband contends, or forced by the husband, as the wife contends, it is clear that under either contention the wife, faced with the divorce decree, was originally justified in leaving.

band and Wife § 612c; 27 Am.Jur., Husband and Wife, § 410; 3 Nelson, Divorce and Annulment, §§ 32.09, 32.19 (2d Ed. 1945). Although the rule is stated in many forms, as good a statement as any is that stated by the New Jersey Court of Chancery in Schneider v. Schneider, 25 N.J.Misc. 180, 52 A.2d 564, 565 (1947), as follows:

"The separation of husband and wife is disfavored, and when they are living in a state of separation, and neither has committed a matrimonial offense warranting a divorce, each has a right to terminate the separation. Upon a husband making a bona fide effort for a resumption of marital relations in a marital home to be provided by him he is not to be held as consenting to or acquiescing in a continuance of the separate living. If the wife refuses a bona fide offer of the husband to resume marital living in a marital home, she thereupon becomes a deserter; and she is not to have a decree for separate maintenance."

■ When the husband's defense to the wife's claim for maintenance is her refusal to accept his offer to resume marital relations, the vital issue is the good faith of his offer. A mere formal offer, lacking in sincerity or made in an attempt to escape liability for support, is not sufficient. The offer must be in good faith and under circumstances disclosing a reasonable probability that it will be faithfully carried out. The past conduct of the husband will often furnish a guide as to his present intentions. In any event, the good faith, or lack of it, is a question of fact for determination by the trial court.

■ In the present case the trial court specifically found that the husband was a credible witness, that the offers by him to his wife were made in good faith and without the imposition of any conditions, and that the wife without legal cause had failed and refused to accept his offers. On these findings, we must hold that the trial court

correctly concluded that the wife was not entitled to an order for separate maintenance.

■ Another question raised on this appeal is the claimed inadequacy of the counsel fees awarded to the wife. As we recently pointed out in Ritz v. Ritz, D.C.App., 197 A.2d 155 (1964), such an award is within the discretion of the trial court and can be reviewed only for an abuse of discretion. We find no justification for changing the award. Other claims of error have been reviewed and found lacking in merit.

Affirmed.