**Marilyn Atwood COLES, Appellant,**

v.

**Marvin J. COLES, Appellee.**

**No. 3420.**

District of Columbia Court of Appeals.

Argued April 6, 1964.

Decided July 17, 1964.

David G. Bress, Leonard Braman and J. H. Krug, Washington, D. C., for appellant.

Roger Robb, with whom Kenneth Wells Parkinson, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This is an appeal by the wife from an order holding her in contempt of court and committing her to jail for forty-eight hours for violating a pendente lite custody order. The facts necessary to an understanding of the appeal are as follows.

On May 29, 1963, the husband filed a complaint for a limited divorce and custody of the infant child of the parties. Thereafter the wife counterclaimed for a limited divorce, alimony and custody of the child. On October 29, 1963, the case came on for trial and on October 30, the trial court

entered an order, the relevant parts of which stated:

"(1) That each day during the trial of this case one party may have breakfast with the minor child and the other party may have dinner with the minor child and that the parties shall alternate said meals with the minor child each day, with modifications depending on the schedule of each party;

"(2) During the trial of this case the minor child shall spend alternate days (daytime only) with the defendant's family and with the plaintiff's family, but the minor child shall spend each night at the home of the parties; * * "

These provisions embodied the suggested program of the guardian ad litem who had been appointed for the minor child by the pretrial judge. Her task was to assist the court with respect to the custody determination and to insure a tranquil atmosphere for the child during the interim period.

On Friday, November 8, the ninth trial day, the court announced orally that it would not make any decision regarding custody. The court based its decision on the ruling of this court in Clements v. Clements, D.C.Mun.App., 184 A.2d 195 (1962), where we held it was error to award custody to one spouse while the parents and children were living in the same household. The trial court felt this ruling precluded an award of custody here since appellant and appellee were still living in the same house. Closing arguments were heard on the remaining prayers in the complaint and counterclaim the following Tuesday at which time the court made further rulings.[1] At approximately 1:10 p. m. that day the case was concluded.

The next day, however, the court heard a motion by the husband to adjudicate the wife in contempt for failing to comply with the pendente lite order. The husband alleged that on the previous day, while closing arguments were being heard, the wife had refused to permit the husband's family to have custody of the child in accordance with the second paragraph of the pendente lite order. A hearing was held[2] at which time the wife testified that she had refused to surrender custody since it was her understanding the trial with respect to custody had terminated the previous Friday. She further stated that she had acted in good faith upon the advice of counsel. At the conclusion of the hearing the trial court issued the following order:

"Upon consideration of the Motion and Affidavit for Contempt filed herein, the affidavits of the defendant and David G. Bress, and the testimony and evidence produced in open Court, and after argument of counsel, and the Court having found as a fact that on November 12, 1963 the defendant Marilyn Atwood Coles willfully violated the order of this Court entered October 30, 1963, in that on that day the defendant took the minor child of the parties from the plaintiff's sister Mrs. Field, in whose care and custody the minor then was pursuant to the aforesaid order of October 30, 1963, it is by the Court this 13th day of November, 1963

"ORDERED, ADJUDGED AND DECREED that the defendant Marilyn Atwood Coles be and she is hereby committed to the custody of the United States Marshal for the District of Columbia, to be confined in the Washington Asylum and Jail for a period of forty-eight (48) hours, beginning at 4:00 p. m., November 13, 1963."

This appeal followed.

In our view it is unnecessary to consider the many contentions of the parties for we rule the order of contempt must be re-

1. These rulings are the subjects of appeals now pending in this court.

2. Counsel for the wife waived the five-day period for notice and filing of opposition.

versed. The proceedings here in question were for civil rather than criminal contempt and the commitment order must fall for failing to state the condition which would purge the wife of her contempt. Duell v. Duell, 85 U.S.App.D.C. 78, 178 F.2d 683, 14 A.L.R.2d 560 (1949); Knaus v. Knaus, 387 Pa. 370, 127 A.2d 669 (1956).

In Knaus v. Knaus, supra, a similar situation was presented. There a husband was found in contempt and committed to jail for violating a preliminary injunction issued by a Pennsylvania court in a divorce proceeding. The decree had restrained the husband from pursuing a second divorce action which he had instituted against the wife in Arkansas. The husband, however, disobeyed the Pennsylvania decree and was awarded an Arkansas divorce. Upon his return to Pennsylvania several years later he was apprehended and found guilty of violating the preliminary injunction. He appealed and the court, in the course of its opinion, said:

"The dominant purpose of a contempt proceeding determines whether it is civil or criminal. If the dominant purpose is to vindicate the dignity and authority of the court and to protect the interest of the general public, it is a proceeding for criminal contempt. But where the act of contempt complained of is the refusal to do or refrain from doing some act ordered or prohibited primarily for the benefit of a private party, proceedings to enforce compliance with the decree of the court are civil in nature. The purpose of a civil contempt proceeding is remedial, and judicial sanctions are employed (1) to coerce the defendant into compliance with the court's order, and (2) in some instances to compensate the complainant for losses sustained: United States v. United Mine Workers of America, 330 U.S. 258, 303, 67 S.Ct. 677, 91 L.Ed. 884. A judgment in a

civil contempt proceeding for the benefit of a private plaintiff will, of course, incidentally vindicate the authority of the court just as on the other hand a criminal contempt judgment, which is punitive, may often advance private interests. But the test is the dominant purpose, not the incidental result: Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 441, 31 S.Ct. 492, 55 L.Ed. 797.

\* \* \* \* \* \*

"The factors generally said to point to a civil contempt are these: (1) Where the complainant is a private person as opposed to the government or a governmental agency; (2) where the proceeding is entitled in the original injunction action and filed as a continuation thereof as opposed to a separate and independent action; (3) where holding the defendant in contempt affords relief to a private party; (4) where the relief requested is primarily for the benefit of the complainant; and (5) where the acts of contempt complained of are primarily civil in character and do not of themselves constitute crimes or conduct by the defendant so contumelious that the court is impelled to act on its own motion. \* \* \*"

The court concluded by stating:

"\* \* \* Before a defendant may be committed for civil contempt, it is essential that it be clear what is required of him in order to purge himself of the contempt, and the commitment order should state the condition which when complied with will release him. In the absence thereof, a commitment for civil contempt is improper. An order committing a defendant to prison for a civil contempt until he does something which is apparently beyond his power to do is clearly an order which this Court cannot approve." [3]

3. Knaus v. Knaus, 387 Pa. 370, 127 A.2d 669, 672–674 (1956). See also Commonwealth ex rel. Beghian v. Beghian, 408 Pa. 408, 184 A.2d 270 (1962).

In this jurisdiction a similar question was considered in Duell v. Duell, supra. There the husband was held in contempt and unconditionally committed to jail for violating an order requiring him to appear before an auditor to determine his worth and annual income. On appeal the court held that the contempt proceeding was civil in nature and that the unconditional commitment could have been properly imposed only in a proceeding instituted and tried as one for criminal contempt. In determining whether the proceeding was civil rather than criminal in character the court applied the same criteria discussed in Knaus.

 Applying the Knaus tests to the case at bar it becomes apparent that the proceeding here was for civil rather than criminal contempt. The complainant was the husband and not the government or a governmental agency. Significantly, the husband and not the government is the appellee in this court.[4] The proceeding was entitled as part of the original divorce action and was filed as a continuation thereof. It was not a separate and independent action for criminal contempt.[5] Holding the wife in contempt afforded relief to the husband, a private party. Similarly, the relief requested was primarily for the benefit of the husband, the complaining party. Vindicating the authority and dignity of the trial court was an incidental result of the motion.[6] The act complained of—the wife's refusal to surrender custody of her child—was civil in character and standing alone did not constitute a crime or contumelious conduct.

In our view the contempt proceeding was civil rather than criminal in character. Since the order committing the wife to jail was unconditional, it cannot be lawfully sustained as punishment for civil contempt.

Reversed.

4. See Duell v. Duell, 85 U.S.App.D.C. at 80, 178 F.2d at 685.

5. Were this an independent action for criminal contempt, the applicability of Rule 42(b) of the Fed.R.Crim.P. would have been in question. We note that the procedural safeguards provided therein were not followed by the trial court.

6. The remedial nature of the proceeding was shown unmistakably when, upon the wife's request to reconsider the commitment order, the trial court stated: "He [counsel for the husband] is entitled to have you file a motion and he is entitled to five days to answer the motion. I don't think I have any right just out of the blue to change the judgment, without and unless Mr. Robb consents to it, and that, I understand, he will not do."