**Helen M. KEMP, Appellant,**

v.

**Weaver L. KEMP, Appellee.**

**No. 3521.**

District of Columbia Court of Appeals.

Argued Jan. 4, 1965.

Decided Feb. 8, 1965.

Erias S. Hyman, Washington, D. C., for appellant.

Samuel Green, Washington, D. C., with whom Sol Friedman and Leonard L. Lipshultz, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

The parties to this appeal are the parents of a seven-year-old girl. After a marital separation each sought the child's custody. At the conclusion of a lengthy trial the court awarded custody to the father. On appeal the mother contends that the trial court was biased against her; that the custody award was not supported by the evidence; that she was denied a reasonable attorney's fee; and that the order holding her in contempt for failing to deliver the child to appellee was erroneous.

The allegation of bias is based on the court's disposition of several pretrial matters. The record is devoid of any evidence showing bias or prejudice.

The argument that the award of custody was improper is predicated on the finding that appellant was a "fit and proper person to have custody of the minor child." However, the court also found that appellant's home was not a proper environment for the child, and that the child's best interests would be served by placing it with appellee. Appellant was granted generous visitation privileges. After reviewing the voluminous transcript, we hold that the award of custody to appellee was supported by the evidence and did not constitute an abuse of discretion. Coles v. Coles, D.C.App., 204 A.2d 330 (1964). Considering all the testimony, the decision represented an exercise of sound judgment and we find nothing in the record which would justify disturbing it.

Appellant next contends that the denial of an attorney's fee was so arbitrary as to constitute an abuse of discretion. We have held that in making such a determination

"* * * the trial court is not bound by any mathematical computation of time consumed multiplied by some hourly rate. Consideration should be given to many factors, including the quality and nature of the services performed, the necessity for such services, the results obtained from the services, and the husband's ability to pay." Ritz v. Ritz, D.C.App., 197 A.2d 155, 157 (1964).

Here appellant's counsel received a retainer of $250. After terminating the marital relationship, appellant withdrew the parties' principal savings from a joint bank account. She thereby restricted appellee's ability to pay counsel while substantially improving her own financial position. We find no abuse of discretion in denying counsel fees.

Several weeks after the entry of the order awarding custody, appellee filed a motion asking that appellant be held in contempt for refusing to deliver the child. At the conclusion of the hearing on the motion, appellant was found in contempt and ordered to jail for ten days. Execution of sentence was stayed upon the condition that appellant promptly obey the court's order by delivering the child to appellee *and* by presenting herself to the marshal on two successive Fridays to spend the weekend in jail. Since the contempt proceeding was civil rather than criminal in character, the latter part of the contempt order unconditionally committing appellant to jail for two weekends cannot lawfully be sustained as punishment for civil contempt,

or as an additional condition which would purge appellant of her contempt. Coles v. Coles, D.C.App., 202 A.2d 394 (1964).

Accordingly, the order awarding custody to appellee is affirmed and that part of the contempt order committing appellant to jail for two weekends is reversed.