Priscilla S. HOFFMAN, Appellant,

v.

Robert M. HOFFMAN, Appellee.

No. 3670.

District of Columbia Court of Appeals.

Argued March 22, 1965.

Decided June 2, 1965.

Catherine U. Welch, Washington, D. C., for appellant.

Mark P. Friedlander, Jr., Washington, D. C., with whom Mark P. Friedlander and Blaine P. Friedlander, Washington, D. C., and Harry P. Friedlander, Arlington, Va., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

On June 7, 1963, the parties to this appeal were divorced and appellee-husband was ordered, *inter alia*, to pay the costs of a college education for their minor son who at that time resided with him. On April 9, 1964, this order was amended, changing the custody of the minor son to appellant-wife and directing appellee to pay $150 a month for the son's "maintenance." At the time of this amendment, appellant requested clarification of appellee's obligation to pay for their son's future college education, but the order was silent on this point. On August 12, 1964, appellant sought an increase in the support payments, alleging that the son had the ability and capacity for further education at the college level, that he had

been accepted at a state university, and that appellee had the financial ability to pay the college expenses. After hearing, this motion was rejected as well as appellant's request for attorney fees. This appeal followed.[1]

Most jurisdictions require a father to educate his child in a manner befitting his condition and circumstances in life. "The most important factors in determining a father's liability for the expenses of his child's college education are (1) the father's ability to pay and (2) the ability and capacity of the child for further education." Pincus v. Pincus, D.C.App., 197 A.2d 854, 856 (1964). The court may enforce a father's obligation to support his minor children "only commensurate with his financial ability to pay." Payton v. Payton, D.C.App., 187 A.2d 899, 900 (1963).

In the present case, the trial judge found that the parties' son "has the apparent ability and capacity for further education" but that appellee cannot afford "any further undertaking in addition to his present support payments" of $150 per month and that this sum is adequate to afford the son a college education within appellee's ability to pay. These findings have support in the record. Under the circumstances of this case and in the light of our appellate limitation, we cannot say that the trial judge's findings were clearly erroneous or that his failure to increase the monthly support payments for the minor son was arbitrary or an abuse of discretion.

Appellant also contends that there was an abuse of discretion in refusing to award her counsel fees in this matter. We have considered this contention and find it without merit. Kemp v. Kemp, D.C. App., 206 A.2d 731 (1965).

Affirmed.

1. On March 27, 1965, after considering the entire record, we ordered that the case be remanded to the trial judge for additional findings of fact and conclusions of law respecting appellee's ability to pay and the minor son's capacity for further education at the college level. On April 8, 1965, the trial judge made these findings which are now before us.