William N. McGEHEE, Jr., Appellant,

v.

Frances T. MAXFIELD, Appellee.

No. 4446.

District of Columbia Court of Appeals.

Argued Feb. 3, 1969.

Decided Aug. 26, 1969.

John A. Beck, with whom John J. Pyne, Washington, D. C., was on the brief, for appellant.

, Charles H. Mayer, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

KELLY, Associate Judge:

Presented in this appeal are issues of custody, support for two minor children, and an award of attorney's fees.

On January 2, 1964, after twenty years of marriage, the parties hereto entered into a separation agreement which provided support and maintenance for appellee (wife) and their two minor children, Laurion and Sharon. The custody of an older child, who was in college, was given to appellant (husband). Subsequently, the wife advised the husband that she desired an immediate divorce in order to remarry. A memorandum of agreement supplementing the original separation agreement was then signed by the parties. This supplementary agreement provided a complete disposition of the property rights of the parties and support for the two minor children, and cancelled any liability for support payments to the wife. Special provisions were included covering schooling for each child in private boarding schools in the Washington, D.C. area. At this time, appellant executed and delivered a document authorizing an attorney to enter an appearance in his behalf in divorce proceedings in Mexico.

For the following year, Sharon remained with appellee in Texas and New Mexico, while Laurion boarded at St. Alban's School. During the year and following summer, appellant paid $125 a month to appellee for Sharon's support. Because Laurion was in school in Washington, D.C., no support payments for him were made to appellee. During that summer, the children spent one month with appellee, one month with their grandmother, and one month with appellant.

Around February, 1966, at about the time that appellee learned of a gift of securities to appellant, appellee wrote stating that she felt she was entitled to support payments during the summer months even when the children were enrolled in private boarding schools. A dispute arose as to the exact interpretation of the supplementary agreement which culminated in the filing of a suit in the Domestic Relations Branch of the trial court. Subsequently, appellant's motion to dismiss the action on the apparent ground of *forum non conveniens* was denied, and that portion of his counterclaim seeking to declare the Mexican divorce void was dismissed.[1] When a question arose as to whether appellant might withdraw the children from their schools, a temporary restraining order and preliminary injunction were issued. At pretrial proceedings, the issues were reduced to a question of whether appellant had "failed or refused to adequately support and maintain the minor children" either under the supplementary agreement or apart from it, and whether custody of the children should continue to repose in appellee.

The testimony at trial fully exposed the divergent interpretations of the supplementary agreement. The agreement provided that "the husband's sole liability for the support and maintenance under the separation agreement will be $125 per month, each, for the support" of the two

---

1. The question concerning the validity of the divorce has become moot since appellant has also remarried.

children. It provided that when appellant paid "the tuition, costs and expenses of enrolling and maintaining" each child in a local boarding school, he would not be responsible for the $125 a month support payments. The controversy centered around the meaning of "enrolled". According to appellant, a student was enrolled in a school until he either graduated, withdrew, or was expelled, precluding any payment for support during the school year and summer. In turn, appellee insisted that appellant was liable for the support payments except for the nine months when the children were actually in school.

The trial court concluded that the agreement clearly provided that appellant pay $125 per month for each child for twelve months of the year; that the paragraphs relating to enrolling the children as boarding students controlled nine months of the twelve, during which time appellant was relieved of the obligation to make the requisite monthly payment, but that appellant was required to pay $125 per month for each child during the remaining three summer months when the children were not in school. Finding that appellant had failed and refused to support the children for these three summer months, the court awarded a judgment of $750 for past payments and directed appellant to make future payments of $125 for each during the summer months. The court refused to change custody, finding that no change of circumstances had been established by the evidence. Moreover, the trial court awarded appellee's attorney a fee of $2,000 to be paid by appellant.

In regard to the procedural questions raised, it is clear that the Domestic Relations Branch of the trial court had jurisdiction to consider this claim for support under a separation agreement,[2] and could exercise its discretionary authority to assume jurisdiction notwithstanding the nonresidence of the parties, or to apply *forum non conveniens* by invoking the general equity power of the court to grant support.[3] Accordingly, we find no abuse of discretion by the trial court in assuming jurisdiction here, inasmuch as the husband was working in Washington, D.C. and one child was in school here.[4]

As to the separation agreement itself, the trial court found it to be a complete and full settlement and determination of the rights of the parties and the support of the minor children. Evidence was admitted in regard to the conduct of the parties and in regard to their interpretation of the agreement. And while there was adequate evidence to substantiate appellant's interpretation of the agreement, there was also sufficient evidence to the contrary to support the trial court's decision. Therefore, since the trial court's findings have an evidentiary basis, its judgment concerning support will stand.[5]

Appellant requested that custody of the children be reposed in him since he had *de facto* custody resulting from their attending schools in the area during nine months of the year. However, we would agree with the trial court that there was no

---

2. D.C.Code 1967, § 11–1141; Den v. Den, 126 U.S.App.D.C. 152, 375 F.2d 328 (1967); David v. Blumenthal, 110 U.S. App.D.C. 272, 292 F.2d 765 (1961). *See also* Gelmi v. Gelmi, D.C.Mun.App., 172 A.2d 888 (1961).

3. Hopson v. Hopson, 95 U.S.App.D.C. 285, 221 F.2d 839 (1955); Harmstone v. Harmstone, D.C.Mun.App., 165 A.2d 491 (1960).

4. At the time of trial the husband was living in Washington, D. C. and both children were in school here.

5. Appellant complains that there was no specific request for a judgment for past payments due, but we think it permissible for the court to make such an award in this case. *Cf.* Crain v. Crain, D.C.App., 209 A.2d 257 (1965). The contention that the suit is barred by estoppel or laches is without merit. *Cf.* Samuels v. Samuels, D.C.Mun.App., 173 A.2d 214 (1961).

change of circumstances not contemplated by the parties at the time of the agreement to warrant a transfer of custody, particularly as it found the arrangement had proven to be in the best interest of the children.[6]

■ The final order by the trial court was to award $2,000 in attorney's fees to appellee's attorney. Under the D.C.Code 1967, § 16–916, the trial court has the power to award attorney's fees when "any father shall fail or refuse to maintain his children." There is some uncertainty as to whether in strict terms it can be said that appellant was not supporting his children. Their tuition and expenses were paid by him during the school year. Besides the older son, both Laurion and Sharon spent their weekends and part of the summer with their father. However, though appellant may have based his refusal to make support payments during the summer months on a good faith misinterpretation of the agreement, appellee was nevertheless forced to litigate in order to compel appellant to pay her the support due her during the summer, including a sum in arrears. Having established that an award was proper, a question arises as to the amount.

■■ The trial court "is not bound by any mathematical computation of time consumed multiplied by some hourly rate." Kemp v. Kemp, D.C.App., 206 A.2d 731, 732 (1965); Ritz v. Ritz, D.C.App., 197 A.2d 155, 157 (1964). The award is determined by considering the husband's ability to pay, the quality of the services rendered, and the results of the litigation. These are considerations which can best be fairly weighed by the trial court and unless a clear abuse of discretion has been shown, the award is upheld.[7] So while we may think the award generous in this case, we believe the court exercised its discretion within a permissible limit. We decline, however, to award the requested additional attorney's fee for services rendered on appeal.

Affirmed.

6. Winter v. Crowley, 126 U.S.App.D.C. 103, 374 F.2d 317 (1967); Boone v. Boone, 80 U.S.App.D.C. 152, 150 F.2d 153 (1945).

7. Stephenson v. Stephenson, D.C.App., 221 A.2d 917 (1966); Hoffman v. Hoffman, D.C.App., 210 A.2d 549 (1965); Gherardi de Parata v. Gherardi de Parata, D.C. App., 200 A.2d 191 (1964); Sears v. Griemsman, D.C.App., 188 A.2d 298 (1963); Bradley v. Bradley, D.C.Mun. App., 182 A.2d 837 (1962); Bouchard v. Bouchard, D.C.Mun.App., 156 A.2d 681 (1959); Clark v. Clark, D.C.Mun.App., 144 A.2d 919 (1958).