## JONES v. UNITED STATES.
### No. 8778.

United States Court of Appeals
District of Columbia.

Argued March 26, 1945.

Decided April 30, 1945.

Mr. James J. Laughlin, of Washington, D. C., for appellant.

Mr. Philip R. Miller, Special Attorney, Department of Justice, of Washington, D. C., with whom Messrs. O. John Rogge and Joseph W. Burns, Special Assistants to the Attorney General, were on the brief, for appellee.

Before GRONER, Chief Justice, and LAWS * and MORRIS *, Associate Justices.

PER CURIAM.

This appeal, as in Laughlin v. United States, —— U.S.App.D.C. ——, 151 F.2d 281, No. 8757, and Klein v. United States, —— U.S.App.D.C. ——, 151 F.2d 286, No. 8870, decided today, arises out of the so-called "Sedition Case" recently on trial in the United States District Court in the City of Washington. Appellant was one of thirty defendants. The trial was begun approximately a month before the incident which resulted in the judgment of contempt and the imposition of a fine. It is the action of the court in this respect that we are asked to review.

(1). On the day in question appellant, who is not an attorney, but who had elected to represent himself in the criminal (sedition) trial, arose and, being recognized by the court, spoke as follows:

"Mr. Jones. Your Honor please, Mr. Rogge [the prosecuting attorney] has indicated in his opening statement—he has involved me in a long series of activities—

"The Court (gaveling). What are you addressing yourself to?

"Mr. Jones. I am addressing myself to the ruling of the Court in limiting the amount of time in which the defendants may make their opening statements, and—

"The Court (gaveling). Mr. Jones—

"Mr. Jones (continuing). To cover the ground indicated by Mr. Rogge—

"The Court. Mr. Jones, you have your exception.

"Mr. Jones. Very well. Then perhaps at this time it is proper to refer to a matter which you said could be taken up in the absence of the jury.

"The Court. The Court will hear you.

"Mr. Jones. Adverting to the opening statement with respect to this defendant, I wish to say that it has been revealed by Mr. Rogge in his opening statement that this proceeding, rather than being a prosecution, is a persecution, in that they intend to use the same perjured testimony—

"The Court (gaveling). Mr. Jones—

"Mr. Jones (continuing). Which has been used—

"The Court (gaveling). The Court has heard you heretofore with respect to ex-

---

* District Judges sitting by designation.

ceptions to the prosecution's opening statement.

"Mr. Jones. I haven't completed the particular motion which I wish to make on my own behalf.

"The Court. The Court rules you out of order.

"Mr. Jones. I have not completed.

"The Court. The Court rules you out of order.

"Mr. Jones. I haven't completed a particular motion which I wish to make in my own behalf.

"The Court. The Court refuses to hear any further argument.

"Mr. Jones. It is no argument. I wish to make two or three statements which have to do—

"The Court. The Court will hear no further motions in regard to the opening statement.

"Mr. Jones. This defendant—

"The Court (gaveling). Mr. Jones—

"Mr. Jones. This defendant—

"The Court (gaveling). Mr. Jones—

"Mr. Jones. I am not only placed in double jeopardy but in triple jeopardy by this indictment.

"The Court (gaveling). Will you be seated?

"Mr. Jones. I wish to make an exception.

"The Court (gaveling). Mr. Jones.

"Mr. Jones. Yes, sir."

■ Whereupon Judge Eicher ruled that appellant was in contempt of court and imposed a fine of $100. To what we have said, perhaps, should be added the further statement that appellant had the day before been heard, to the extent of ten pages of the record, on his objection to the prosecutor's preliminary statement. It is obvious, therefore, that in the present instance appellant was insisting, notwithstanding the court's ruling, on further arguing the question which the court had announced it had heard sufficiently. In the circumstances, we think appellant's conduct was contumacious and that the imposition of the fine was proper.

■ Whenever counsel or a defendant on trial or a witness oversteps the bounds of propriety and refuses to heed the admonitions of the court or to obey in the presence of the court a lawful order of the court, he commits an act of contempt. Appellant, in persisting to address the court in relation to a matter about which the court had already ruled, after being repeatedly warned, was guilty of conduct subversive to due and orderly procedure in the courtroom, and tending to obstruct the due administration of justice, and such an offender ought to be, and properly was, disciplined. Ex parte Terry, 128 U.S. 289, 9 S.Ct. 77, 32 L.Ed. 405.

(2) Objection is made to the order entered by the court on the ground that it was neither certain nor definite, but so ambiguous as not to be capable of execution. The order is as follows:

"Upon consideration of the conduct of Ellis O. Jones, defendant in the above-entitled cause, in the stating of certain remarks in the presence of the Court on this day,

"It is this 22nd day of May, 1944,

"Ordered, that the said Ellis O. Jones be, and he is, hereby adjudged in contempt.

"It is further ordered that the said Ellis O. Jones's punishment be, and is, hereby fixed at a fine of One Hundred ($100.00) Dollars, said fine to be paid on or before the 25th day of May, 1944, and, in the event that the said Ellis O. Jones defaults in the payment of the said fine within the said time fixed, then further judgment is to be pronounced by the Court upon the final disposition of the trial in the above-entitled cause."

■ The fine imposed was not paid and no further judgment was pronounced by the court for the reason that the trial was terminated by the death of the Judge some months later. But, conceding for the purposes of the question, that, in the circumstances, the sentence is not now susceptible of being carried out in its entirety, there is, nevertheless, no good ground for the contention that the judgment is not valid as to the fine imposed and just as enforceable as if the provision reserving power to impose imprisonment, in the event of non-payment, had not been made. There can be no manner of doubt that at the time of the entry of the order the court had jurisdiction of the person and of the offence. Considered in that aspect, the part of the judgment reserving the right thereafter to impose confinement for non-payment is clearly separable. And this leaves the portion imposing the fine in all respects enforceable

in accordance with law.[1] This question was settled many years ago by the Supreme Court in United States v. Pridgeon, 153 U.S. 48, 62, 14 S.Ct. 746, 751, 38 L.Ed. 631, where the rule is stated as follows:

"Without undertaking to review the authorities in this and other courts, we think the principle is established that where a court has jurisdiction of the person and of the offence, the imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but only leaves such portion of the sentence as may be in excess open to question and attack. In other words, the sound rule is that a sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and offence, and only void as to the excess when such excess is separable, and may be dealt with without disturbing the valid portion of the sentence."

Affirmed.

---

[1] 18 U.S.C.A. § 569, R.S. § 1041: "Judgments for fines; collection. In all criminal or penal causes in which judgment or sentence has been or shall be rendered, imposing the payment of a fine or penalty, whether alone or with any other kind of punishment, the said judgment, so far as the fine or penalty is concerned, may be enforced by execution against the property of the defendant in like manner as judgments in civil cases are enforced. Where the judgment directs that the defendant shall be imprisoned until the fine or penalty imposed is paid, the issue of execution on the judgment shall not operate to discharge the defendant from imprisonment until the amount of the judgment is collected or otherwise paid."