Carol Mohler **WILLIAMS**, Appellant,

v.

**Robert P. WILLIAMS**, **Eastern Building & Loan Association**, and **Anna Williams**, Appellees.

No. 18753.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 18, 1965.

Decided April 15, 1965.

Mr. Lyle L. Robertson, Washington, D. C., with whom Mr. Robert L. MacCutcheon, Washington, D. C., was on the brief, for appellant.

Messrs. Robert H. Reiter and Andrew P. Zimmer, Washington, D. C., for appellee Robert P. Williams.

Mr. Stanley Klavan, Washington, D. C., with whom Messrs. Frank E. Scrivener and J. H. Krug, Washington, D. C., were on the brief for appellee Eastern Building and Loan Ass'n.

Before EDGERTON, Senior Circuit Judge, and FAHY and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

Appellant Carol Mohler Williams and appellee Robert P. Williams were married September 6, 1958, when she was 18 years of age and he over 21. They became estranged in October 1960 and began then to live separate and apart. The husband secured a divorce March 26, 1963 on the ground of desertion, granted in proceedings in the Domestic Relations Branch of the District of Columbia Court of General Sessions. During their lives together the young wife was gainfully employed. On March 16, 1961 she filed suit in the District Court claiming that substantial sums thus earned by her were turned over to her husband and deposited with appellee Eastern Building & Loan Association in a joint account in their names, and that her former husband and the Association are liable to her for these funds, which, she contends, neither he nor the Association could lawfully use or, in the case of the Association, permit to be withdrawn by him due to her status as a minor.

It is undisputed that almost immediately upon the estrangement in October 1960, the husband alone withdrew the balance then remaining in the joint account and deposited it in a new joint account with the Association opened in the names of himself and his mother, who was also named as a defendant.

The Association answered, claiming no interest in the moneys in dispute except as a stakeholder and contesting all other

liability. Extensive pre-trial proceedings were had, and the husband asserted lack of jurisdiction in the District Court, citing D.C.Code § 11–762 (1961), *infra* note 2. When the case came on for trial, however, the court on the basis of the opening statements of counsel, dismissed the wife's complaint on the merits as to all defendants. The opening statements set forth the essential facts as we have done insofar as is required for disposition of the appeal.

■■ We affirm the District Court in absolving the Building & Loan Association of liability.[1] For a different view the wife relies upon D.C.Code § 30–201 (1961), which provides *inter alia* that "no disposition of her real or personal property, or any portion thereof, by deed, mortgage, bill of sale, or other conveyance, shall be valid if made by a married woman under twenty-one years of age." This section we hold to be modified by D.C.Code § 26–201 (1961), which has special application to a joint account of husband and wife. The latter section provides that when a deposit is made in a bank or other institution there named, including a building association transacting business in this jurisdiction,

> "in the names of two or more persons, including husband and wife, payable to either, or payable to either or the survivor or survivors, such deposit * * * may be paid or delivered to either of said persons whether the other or others be living or not; and the receipt or acquittance of the person to whom such payment or delivery is made shall be

a valid, sufficient, and complete release and discharge of [the institution] for any payment or delivery so made."

A validly married woman, as was appellant at all times pertinent, is bound by this statute, notwithstanding she is under the age of 21 years. Her disabilities as a minor under Section 30–201 are removed insofar as the terms of that statute apply to an account of husband and wife such as is described in Section 26–201, and here involved. Appellant may not hold the Association liable to her for withdrawals by her husband authorized by the terms of the account she and he opened as husband and wife.

As to appellant's claim against her former husband, we must decide whether is is within the exclusive jurisdiction of the Domestic Relations Branch of the District of Columbia Court of General Sessions, vested with exclusive jurisdiction in various marital matters. David v. Blumenthal, 110 U.S.App.D.C. 272, 292 F.2d 765; Thomason v. Thomason, 107 U.S.App.D.C. 27, 274 F.2d 89; Harris v. Harris, 106 U.S.App.D.C. 282, 272 F.2d 511. Here we consider whether the scope of that exclusive jurisdiction extends to the controversy between the Williamses in this action in the District Court. It was filed by the wife prior to institution of the divorce proceeding by the husband in the Domestic Relations Branch, but subsequent to the enactment of D.C.Code § 11–762 (1961), as amended September 9, 1959, 73 Stat. 473, set forth in pertinent part in the margin.[2]

---

1. As represented to the court, the Association's stakeholder status we are confident will be continued.

   There is no appeal from dismissal of the complaint against the mother.

2. "§ 11–762. Jurisdiction.

   "The Domestic Relations Branch and each judge sitting therein shall have exclusive jurisdiction over all actions for divorce from the bond of marriage and legal separation from bed and board, including proceedings incidental to such actions for alimony, pendente lite and permanent, and for support and

custody of minor children; applications for revocation of divorce from bed and board; civil actions to enforce support of minor children; civil actions to enforce support of wife; actions seeking custody of minor children; actions to declare marriages void; actions to declare marriages valid; actions for annulments of marriage; determinations and adjudications of property rights, both real and personal, in any action hereinabove referred to in this section, irrespective of any jurisdictional limitation imposed on the Mu-

Section 11–762 is a grant of exclusive jurisdiction to the Domestic Relations Branch of "determinations and adjudications of property rights, both real and personal, in any action hereinabove referred to in this section * * *," which includes "all actions for divorce." The House and Senate Committee reports on the 1959 Amendment to Section 11–762 state:

> "The purpose of this bill is to clarify and define the authority of the domestic relations branch in the municipal court [now the Court of General Sessions] to adjudicate the interests of husband and wife in personal and real property in the District of Columbia, in all actions coming before the domestic relations branch, other than proceedings in adoption.
>
> \*      \*      \*      \*      \*
>
> "Since some members of the court have expressed concern as to whether the domestic relations branch in the municipal court has jurisdiction in these matters relating to the adjudication of property rights, your committee feels that it is desirable to resolve this doubt by specifically conferring jurisdiction upon the court."

H.R. Rep. 988, S.Rep. 680, 86th Cong. 1st Sess. (1959).

We note that the parties represented to the Judge of the Domestic Relations Branch who entered the decree of divorce that no property rights were involved in the divorce proceedings, and the divorce judgment stated that "there are no property rights to be adjudicated in this action." But in view of the factual situation at that time the representations of the parties could have meant only that the parties considered the property rights were in litigation in the District Court and for that reason were not involved in the divorce case.[3] We think they were mistaken in their conclusion. The dispute over the funds existed at the very time the divorce proceeding was pending. The funds were withdrawn by the husband from a savings account in the joint names of husband and wife. As we read Section 11–762 the exclusive statutory authority of the Domestic Relations Branch extended to the adjudication in the divorce case of the marital property rights and they embraced rights claimed in these funds.[4] The jurisdictional forum is not to be chosen by the parties when the choice has been made by Congress.

We need not decide that the District Court has no role in the resolution of disputed marital property rights. But where, as here, a concurrent divorce suit in the Domestic Relations Branch is able to effectuate a complete resolution of such rights, though they have been made the subject of a still pending action in the District Court, jurisdiction in the Domestic Relations Branch attaches and is exclusive.

The judgment for appellee Eastern Building & Loan Association will be affirmed. The judgment for appellee Robert P. Williams will be reversed with directions that insofar as relief is sought against him, the suit be transferred to the Domestic Relations Branch of the District of Columbia Court of General Sessions for reopening of the divorce suit there or institution of such proceedings as may be warranted for determination

nicipal Court for the District of Columbia; and proceedings in adoption." There follows a clause reserving jurisdiction in the District Court in actions there filed prior to the effective date of the section, April 11, 1956.

This section is now found, without material change, in D.C.Code § 11–1141 (Supp. IV, 1965).

3. At one point in this litigation plaintiff attempted to enjoin the divorce proceedings until a determination could be made in this case by the District Court. The motion for an injunction was denied.

4. The action pending in the District Court had not been reached for hearing and therefore of course had not been decided when the divorce case was heard and decided.

and adjudication of property rights between appellant Carol Mohler Williams and her former husband. Wagner v. Wagner, 110 U.S.App.D.C. 345, 347–348, 293 F.2d 533, 535–536.

It is so ordered.