240 A.2d 363 (1968)
Andrew D. MARTIN, Appellant,
v.
Lucy P. MARTIN, Appellee.
No. 4038.
District of Columbia Court of Appeals.
Argued February 12, 1968.
Decided April 3, 1968.
*364 Robert H. Reiter, Washington, D. C., for appellant.
Kurt Berlin, Washington, D. C., for appellee.
Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.
*365 MYERS, Associate Judge.
On October 12, 1962, in the United States District Court for the District of Columbia, appellant was found to be of unsound mind and incapable of managing his own affairs, and was committed to a mental institution for treatment and care. On February 1, 1963, while on weekend leave from the hospital, appellant and appellee went through a ceremonial marriage in Arlington, Virginia. At that time, appellee was pregnant but appellant admittedly was not the natural father of the child who was born September 25, 1963. On September 3, 1964, while appellant was still legally incompetent, appellee filed suit for a limited divorce, alleging cruelty and seeking custody and support for the child. Subsequently she voluntarily withdrew her prayer for support. Appellant was restored to his civil rights on June 30, 1965, and on August 12, 1965, answered the complaint and filed a counterclaim for annulment and other relief.

I ANNULMENT OF MARRIAGE
Following a hearing on the merits, the trial judge issued a judgment of annulment, wherein he ruled that "the marriage between the parties * * * was void ab initio" and that "the Plaintiff [appellee] is entitled to a judgment of this Court declaring the nullity of said marriage." Clearly a marriage contracted by a person who has been adjudged mentally incompetent is illegal under the provisions of § 30-103 D.C.Code, 1967,[1] but such a marriage is void only "from the time when [its] nullity shall be declared." The trial judge erred, therefore, in holding the marriage void ab initio.
He further erred in awarding the judgment of annulment to appellee. Appellant's counterclaim sought the annulment based upon his mental incompetence, which rendered the marriage voidable. Appellee, who admittedly knew of appellant's commitment at the time of the marriage was not entitled to an annulment. § 30-104 D.C.Code, 1967,[2] "limits the remedy of annulment to the party whose consent was impaired when the other party, having full capacity, knew of the impairment." Sears v. Sears, 110 U.S.App.D.C. 407, 409, 293 F.2d 884, 886 (1961). The annulment should, therefore, have been granted to appellant.

II PATERNITY AND LEGITIMACY OF MINOR CHILD
The trial judge also held that, in accordance with § 16-907 D.C.Code, 1961, (Supp. IV, 1965), the child born subsequent to the marriage "shall be deemed to be the legitimate issue of the parties." [Emphasis added.] In the next paragraph of the judgment, however, he ruled that the minor child is declared to be "the legitimate issue of the Plaintiff [appellee here]."
The word "issue" has, in several contexts, been held to mean descendant, or issue of the body. In re Collins' Estate, 393 Pa. 195, 142 A.2d 178, 185, 187 (1958); Hall v. Crandall, 25 Del.Ch. 339, 20 A.2d 545, 547 (1941). The language in the judgment, "legitimate issue of the parties," can, therefore, reasonably be interpreted to mean that the judge found paternity of the child in appellant. We do not believe he intended such a conclusion, nor would the record support such ruling. Although there is a strong presumption that a child born during the course of a marriage was fathered by the husband, that presumption is rebuttable. Harrington v. Harrington, D.C. Mun.App., 145 A.2d 121, 122 (1958). In the instant case, the presumption of paternity was completely rebutted. Appellee herself testified that appellant was not the father of the child. Insofar as the language *366 of the judgment can be read as a finding of appellant's paternity, that language must be deleted.
Our difficulties with the judgment go beyond the ambiguity of the language used. We are hard pressed to find any authority in the trial judge to declare the legitimacy of the child in the case at bar. § 16-907, upon which the trial judge relied, empowers the trial court to declare the legitimacy of children born of a bigamous marriage. Such a fact situation is not present here, and § 16-907 is, therefore, inapplicable.
Equally inapplicable is § 16-908 D.C.Code, 1961, (Supp. IV, 1965), which provides that the issue of a marriage which is declared null and void because of the idiocy or lunacy of either party at the time of the marriage shall be deemed legitimate. In the instant case, the child born to appellee was not the issue of her marriage to appellant. A child begotten out of wedlock is illegitimate even if that child is born after the marriage of the mother to a man other than the father. People ex rel. Hood v. Gleason, 211 Ill.App. 380 (1918); A. C. v. B. C., 12 Misc.2d 1, 176 N.Y.S.2d 794, 796 (1958); 10 C.J.S. Bastards § 1. Unless appellant had adopted the child, there was no authority for the trial judge to declare her legitimacy under the circumstances of the case at bar.[3]

III CUSTODY OF THE MINOR CHILD
The trial judge also awarded custody of the minor child to appellee. Such an award is wholly unnecessary in this case where the natural mother had actual custody and control since the birth of the child, without objection by any person. At no time has appellant contested appellee's request for custody, nor has any other person intervened to challenge it. The adjudication of custody therefore took on the character of an ex parte hearing which resulted, in effect, in a declaratory judgment. The record does not disclose whether any attempt was made to establish appellee's fitness as a mother or whether the best interests of the child were ever considered. We do not think that the statute creating the Domestic Relations Branch of the trial court confers upon that Branch authority to determine the custody of illegitimate children where custody is not contested. We therefore vacate the custody award, without prejudice to its determination if required in some future adversary proceeding in which contesting interests might appear.

IV COUNTERCLAIM FOR MONIES RECEIVED BY APPELLEE
Appellant is a veteran who, at the time of the marriage, was receiving disability payments from the Veterans Administration. After the birth of the child, appellee wrote a letter, in appellant's name, to the Veterans Administration giving notice of the birth of the child and seeking a dependent's allowance. As a result, the Veterans Administration made an increased payment for the support of appellee and the child.
In his counterclaim, appellant included a prayer that the trial judge "decree a constructive trust for all the moneys and other benefits received by [appellee] based on her purported marriage to [appellant]" and requested an accounting. The trial judge ruled (1) that he did not have jurisdiction over the subject matter of this prayer and (2) that, even if the court had jurisdiction, he would not consider the claim to be a meritorious one. He also refused to hear any evidence on the merits of appellant's claim.
The Domestic Relations Branch of the Court of General Sessions has exclusive jurisdiction over "determinations and adjudications of property rights, both real and *367 personal, in any action" listed in § 11-1141 D.C.Code, 1967,[4] including actions for annulment of marriages. Williams v. Williams, 120 U.S.App.D.C. 327, 330, 346 F. 2d 808, 811 (1965), and cases cited therein.
Appellant's prayer for a constructive trust is an attempt to recover funds belonging to him which came into appellee's possession during the course of their marriage. It is clearly the kind of action over which the Domestic Relations Branch has jurisdiction, and the trial judge should have allowed appellant the opportunity to offer competent evidence in proof thereof. Without hearing the evidence, the trial judge had no basis for rejecting appellant's claim. We do not intimate any opinion as to the merits of this prayer or what monies received by appellee may be subject to a constructive trust and should be accounted for and paid to appellant. We hold only that the trial judge should have received relevant evidence on this issue. We therefore remand this question for consideration and decision after the taking of testimony from both parties.
For reasons set forth in this opinion, we order
(1) that the judgment of annulment heretofore rendered in favor of appellee, Lucy P. Martin, shall be set aside and awarded instead to appellant, Andrew D. Martin;
(2) that such judgment of annulment shall contain no references to the paternity or legitimacy of the minor child;
(3) that the award of custody of the minor child shall be vacated; and
(4) that the trial judge shall conduct a hearing on the merits of appellant's prayer for a constructive trust over the monies allegedly belonging to appellant and received by appellee, and if the evidence adduced so warrants, the trial judge shall direct appellee to make an accounting and to pay over such monies as may be due appellant.
NOTES
[1] This provision under the 1961 Code, in force at the time the annulment was granted, remains unchanged in the present Code.
[2] There has been no change in this section from the 1961 Code.
[3] The Juvenile Court is the proper forum in which to seek an adjudication of paternity and an award for the support of any child born out of wedlock. Cf. § 11-1555 D.C.Code, 1967.
[4] At the time this action was tried, the provisions of this section were embodied in § 11-762 D.C.Code, 1961. It remains essentially unchanged.