**Andrew D. MARTIN, Appellant,**

v.

**Lucy P. MARTIN, Appellee.**

**No. 4987.**

District of Columbia Court of Appeals.

Argued March 11, 1970.

Decided Oct. 20, 1970.

Robert H. Reiter, Washington, D. C., for appellant.

Kurt Berlin, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This appeal results from an order of the trial court on our remand in Martin v. Martin, D.C.App., 240 A.2d 363 (1968). We directed the trial judge to conduct a hearing on the merits of appellant's prayer to declare a constructive trust over monies allegedly belonging to him which were received by the wife-appellee during their marriage. If warranted by the evidence, an accounting was to be rendered by appellee with payment to appellant of such monies as may be due. The trial court concluded that appellant requested or ratified all actions taken by appellee relative to receipt and expenditure of the funds and, therefore, appellee had no funds belonging to appellant and that no accounting was necessary.[1] Accordingly, the request to declare a constructive trust and for payment of money assertedly due was denied. During the hearing appellant was also adjudicated in contempt and sentenced to ten days' imprisonment or, in lieu thereof, a $25 fine. We reverse the contempt adjudication. As to the order relating to the request to declare a constructive trust, we reverse and remand with instructions as outlined below.

I

The facts reveal that appellant, a veteran, was committed to a mental institution on October 12, 1962, by order of the United States District Court for the District of Columbia, pursuant to D.C.Code 1961 §§ 21–311,—314 and—315. As a result of his military service, he was entitled to disability benefits.

The parties were married while appellant was on weekend leave from the hospital. Thereafter, the wife requested the Veterans Administration to pay her a portion of his disability benefits pursuant to 38 U.S.C. § 3107(a) (1964).[2] The Veterans Administration, pursuant to statute, 38 U.S.C. § 3001(a) (1964),[3] supplied the requisite form,[4] a Declaration of Marital Status. It required her marital history including the birth of children resulting from this marriage or any prior marriages. Completion of the form required the signature of the veteran-husband. Appellee submitted the form to the Veterans Administration and payments were promptly made to her. Upon the birth of a child fathered by another man, appellee requested and received additional benefits in the form of a dependent's allowance. In addition to the previous remand proceedings, the earlier appeal resulted in an annulment of the marriage.

The remand proceedings concluded in a trial court finding that all representations made by the wife to the Veterans Administration were at the request of the husband

1. The trial court has included in the statement of proceedings and evidence a recitation of testimony and evidence relative to an accounting by appellee. Since the trial court found that no accounting was necessary, we naturally are not presented with findings relative to that aspect of the trial.

2. That section provides:
   (a) All or any part of the compensation, pension, or emergency officers' retirement pay payable on account of any veteran may—
   (1) if the veteran is being furnished hospital treatment, institutional, or domiciliary care by the United States, or any political subdivision thereof, be ap-

portioned on behalf of his wife, children, or dependent parents; and
   (2) if the veteran is not living with his wife, or if his children are not in his custody, be apportioned as may be prescribed by the Administrator.

3. That section provides:
   (a) A specific claim in the form prescribed by the Administrator * * * must be filed in order for benefits to be paid or furnished to any individual under the laws administered by the Veterans' Administration.

4. VA Form Jul. 1960, 20–686(c); 38 U.S.C. § 3002 (1964).

or ratified by him and that he authorized the wife to sign his name on the benefit form. It was also found that appellee committed no fraud or forgery regarding the signature. The court further found that appellant acknowledged the child as being in loco parentis.

■ We cannot sustain the foregoing findings of the trial court because of appellant's adjudicated incompetence at the crucial times. Appellant, while under that status, was incapable of executing contracts, deeds, powers of attorney, or other instruments requiring volition and understanding. Dexter v. Hall, 82 U.S. (15 Wall.) 9, 20, 21 L.Ed. 73 (1873); Sullivan v. Flynn, 20 D.C. (9 Mackey) 396, 401 (Super.Ct.1892).[5] The record before us is completely lacking in evidence that appellant was of sound mind or had the requisite mental capacity to execute any documents, ratify any acts of another, or authorize the signing of his name. Therefore, the previous adjudication of incompetence is presumed to be of continuing validity during the critical period. Life Ins. Co. of Virginia v. Herrmann, D.C.Mun.App., 35 A.2d 828, 829 (1944). Accordingly, the findings regarding the validity of appellant's actions resulting in payments to appellee cannot stand. In addition, the finding that appellant acknowledged appellee's child as being in loco parentis must fail for he lacked the mental capacity to form the required intent. Niewiadomski v. United States, 159 F.2d 683, 686 (6th Cir.1947).

We, therefore, cannot sustain the trial court's conclusion that the wife was entitled to the funds from the Veterans Administration. No benefits may be paid or furnished to any individual under the laws regulating veterans' benefits unless a claim has been made on a form prescribed by the Veterans Administration. 38 U.S.C. § 3001 (1964). Since the form submitted by the wife and the letter seeking dependent's

benefits were not validly executed, appellee was not, as between the parties, entitled to the payment benefits she received. It is of no legal significance in this action that the Veterans Administration viewed its payments to appellee as proper under its regulations. The position taken by that government agency is an internal matter which cannot alter the legal relationship of these parties as determined by the courts.

■ Accordingly, it is necessary to have a determination, on the basis of an accounting, whether the total amount received by appellee was expended for necessaries relating to appellant's support. We, therefore, also vacate that part of the trial court's order declaring that no accounting by appellee is necessary or required. Regrettably, we must remand the case again in order that this determination can be made. That amount, if any, to be held due to appellant will be the difference between the total received by appellee and the amount actually and reasonably expended for necessaries for appellant.

Of course, such expenditures should be proven with particularity. We note from the statement of proceedings and evidence that appellee's evidence of expenditures on behalf of appellant does not appear to possess the requisite specificity. This may be due to a lack of proof or a failure to be specific in drafting the statement of proceedings and evidence. If the latter is true, it is no doubt because the trial judge felt it unnecessary to recite greater detail in view of his conclusion that no accounting was necessary.[6]

II

■ During trial, appellant was also adjudged in contempt of court. He has appealed that adjudication as erroneous. We agree and reverse the contempt order.

The facts reveal that appellant was admonished by the court to answer questions

5. Only by order of the same court on June 30, 1965, was he restored to his former legal status as a person of sound mind.

6. See footnote 1, supra.

propounded by opposing counsel. In the process of instructing him to answer, the following colloquy transpired:

> THE COURT: If I feel that he [defense counsel] gets beyond the bounds of courtesy, I will take care of Mr. Berlin just as I would Mr. Reiter or anybody else, because my job is to protect you as a witness
> * * *

> THE WITNESS: You did a poor job last time, then.

> MR. REITER: Mr. Martin, let me suggest—let me do the talking.

> THE COURT: You said that I did a poor job last time? Is that what you—Mr. Reporter, read that back.

> THE WITNESS: That's exactly what I said.

> THE COURT: All right. I hold you in contempt and I sentence you to ten days in jail or $25.
> Call the U.S. Marshal.

We have reviewed the circumstances surrounding the conduct of appellant and hold that his remarks are not shown to be contemptuous. There was no refusal to heed an admonition of the court. Jones v. United States, 80 U.S.App.D.C. 109, 110, 151 F.2d 289, 290 (1945). Nor do we find that this conduct obstructed the administration of justice. Cf. Francis v. People of Virgin Islands, 11 F.2d 860, 865 (3d Cir.), cert. denied Francis v. Williams, 273 U.S. 693, 47 S.Ct. 91, 71 L.Ed. 843 (1926). Under the circumstances as revealed in the record, we hold that the two statements of appellant, although surely in poor taste, do not rise to the level of contemptuousness. Compare the conduct in In re Ellis, D.C. App., 264 A.2d 300 (1970).

The orders of the trial court are reversed and the case is remanded for further proceedings as outlined herein.

Reversed and remanded.